# EXHIBIT A: COMPLAINT

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated, | NO. |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| OBI SEAFOODS LLC, an Alaska corporation, and OCEAN BEAUTY SEAFOODS LLC, an Alaska corporation, | |
| Defendants. | |

Plaintiffs Marija Paunovic and Dusan Paunovic, through their undersigned counsel, individually and on behalf all others similarly situated, hereby file this Class and Collective Action Complaint against Defendants OBI Seafoods LLC ("OBI") and Ocean Beauty Seafoods LLC ("Ocean Beauty"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## INTRODUCTION

1.      This is an action brought under the Fair Labor Standards Act of 1938, §§ 201, et seq. ("FLSA") and Alaska Wage and Hour Act ("AWHA") seeking payment of damages resulting from the delay in wage payments to Defendants' employees as well as back wages and other

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  damages for Defendant OBI's underpayment of wages during periods of quarantine. Plaintiffs,

2  individually and on behalf of the Classes and Collective defined below, also seek liquidated

3  damages, exemplary damages, attorneys' fees and costs, and all other relief the Court deems

4  proper.

5      2.      Plaintiffs allege that Defendants knowingly and improperly delayed payment of

6  wages for fish processing employees, most or all of whom are foreign citizens on H-2B visas

7  temporarily working in the United States far from their homes in Latin America, Asia, and

8  Europe.

9      3.      Plaintiffs further allege that during the 2020 fish processing season, OBI

10 implemented quarantine procedures for employees but refused to compensate the

11 employees at the minimum wage for the period in which they were forced to live in employer-

12 housing in restricted conditions before beginning work.

13                      **JURISDICTION AND VENUE**

14     4.      This Court has jurisdiction under RCW 2.08.010 because Plaintiffs seek damages

15 in excess of three hundred dollars.

16     5.      Venue is proper in King County under RCW 4.12.025 because Defendants are

17 located in and transact business in King County.

18                            **PARTIES**

19     6.      Plaintiff Marija Paunovic is a foreign citizen who resides outside the United

20 States. She was employed by OBI Seafoods from approximately June 2020 to July 2020. She

21 was employed by Ocean Beauty Seafoods from approximately June 2019 to August 2019. In

22 accordance with 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. See

23 Exhibit 1 attached hereto.

24     7.      Plaintiff Dusan Paunovic is a foreign citizen who resides outside the United

25 States. He was employed by OBI Seafoods from approximately June 2020 to July 2020. In

26 accordance with 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. See

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Exhibit 2 attached hereto.

2       8.      Defendant OBI Seafoods LLC is a limited liability company with its corporate

3   office at 1100 W Ewing St., Seattle, WA, 98119-1321.

4       9.      Defendant Ocean Beauty Seafoods LLC is a limited liability company with its

5   corporate office at 1100 W Ewing St., Seattle, WA, 98119-1321.

6       10.     Prior to a merger on June 1, 2020, the operations of OBI Seafoods LLC were

7   conducted by Icicle Seafoods, Inc. and Ocean Beauty Seafoods LLC.

8       11.     At all times material to this action, Defendants have employed individuals

9   engaged in commerce or in the production of goods for commerce or in handling, selling, or

10  otherwise working on goods or materials that have been moved in or produced in commerce

11  by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

12      12.     Defendants' annual gross volume of sales made or business done exceeds

13  $500,000.

14      13.     Defendants are not independently owned and controlled local enterprises

15  within the meaning of 29 U.S.C. § 207(b)(3).

16                              **FACTUAL ALLEGATIONS**

17      14.     OBI operates at least 10 seafood processing plants, employing thousands of

18  employees during each fish processing season.

19      15.     Fish processing work involves long hours of difficult manual labor. The

20  employees stay in small towns in Alaska, most of them in cramped company housing. But fish

21  processing presents an opportunity for many hours of regular work and substantial overtime

22  in a short period at a reasonable rate of pay (over $12 for Plaintiffs and many other workers).

23      16.     Most or all employees hired for fish processing work by OBI are H-2B

24  Temporary Workers, coming from nations all around the world.

25      17.     Plaintiff Marija Paunovic has a master's degree in economics and is a Certified

26  International Auditor with a certificate issued by the Association of Charter Certified

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 3

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Accountants (ACCA), the global body for professional accountants. Plaintiff Dusan Paunovic

2    has a bachelor's degree in cinematography. Plaintiffs are married and have five minor

3    children.

4        18.     Plaintiffs do fish processing work during the summer processing season in order

5    to supplement their income, similar to many employees of OBI.

6        19.     During the summer of 2019, Mrs. Paunovic was employed by Defendant Ocean

7    Beauty doing fish processing work. She was chosen Worker of the Week in her very first week

8    of employment because of her exemplary skills and glowing reviews. Likewise, Mr. Paunovic

9    was praised as an excellent worker in 2018 and 2019 fish processing season when he worked

10   for Silver Bay Seafoods LLC. He has over 1,500 hours of fish processing experience, which

11   entitles him to a higher hourly wage.

12       20.     In 2019, Defendant Ocean Beauty failed to pay Mrs. Paunovic on a bi-weekly

13   basis. Instead, Ocean Beauty paid her all at once at the end of the processing season,

14   approximately July 31, 2019, for the prior six weeks of work.

15       21.     On June 15, 2020, Plaintiffs arrived in Seattle for the 2020 fish processing

16   season, where they were tested for coronavirus and received negative results.

17       22.     After two days of quarantine, on June 17, 2020, Plaintiffs flew to Alaska and

18   traveled to OBI's fish processing facility in Naknek.

19       23.     On June 18, 2020, Plaintiffs were asked to sign an employment contract that

20   was written in English. Plaintiffs, who are not native English speakers, were only allowed to

21   briefly review the document and were not permitted to copy, take photographs with their

22   mobile telephones, or otherwise retain copies of the employment agreements that they were

23   signing. OBI supervisors were monitoring Plaintiffs and others to ensure that nobody took

24   photographs of the documents. When Plaintiffs asked questions about what they were

25   signing, they received no explanation and were told that if they do not sign those documents,

26   they would be sent back home, receive a negative mark, and not be invited back the following

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  year.

2      24.      Like many employers during the COVID-19 epidemic, OBI was required to

3  quarantine certain employees arriving from elsewhere before they could begin work for OBI.

4      25.      The quarantine conditions were highly restrictive and difficult to endure.

5      26.      During the quarantine, OBI employees were housed in apartments with five

6  adults in a space of approximately 215 sq. ft. with one shared bathroom. They were initially

7  given meals in a communal kitchen. Later, they were left food on the concrete in front of the

8  door, and sometimes the local factory dogs would get to the food before the employees did.

9      27.      Eventually, yellow caution tape bearing the word "QUARANTINE" was placed

10  over the rooms of the quarantined employees.

11      28.      Despite the nominal strictness of the quarantine rules OBI placed on its

12  employees, OBI encouraged and permitted some employees to work before the quarantine

13  period ended.

14      29.      By June 23, 2020, at least four employees in Naknek had tested positive for

15  coronavirus. One employee, whose four roommates had tested positive, was permitted to

16  work despite that close contact. Eventually the same employee tested positive as well.

17      30.      On June 27, 2020, a production manager with OBI, Mr. Sean Parker, asked

18  Plaintiffs to begin work even though the official quarantine had not ended (because of

19  extensions due to positive tests), calling it a "working quarantine." A boat with fish arrived at

20  the plant's dock that day, and OBI needed workers to go into the plant to work. Plaintiffs

21  explained that they were not feeling well and that they were required to remain in the

22  quarantine until June 29, 2020. Nurses from Alaska's Department of Health and Social Services

23  were occasionally visiting the factory unannounced to make sure the employees were not

24  breaking the quarantine. Plaintiffs wanted to comply with the quarantine rules. They also

25  wanted proof from the Alaska's Department of Health and Social Services that they passed

26  quarantine and were negative for coronavirus before going into the plant and working. Lastly,

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Plaintiffs were fearful of contracting COVID-19.

2      31.     Plaintiffs declined to break the quarantine. OBI managers told Plaintiffs that

3  their refusal to work meant they would not be paid for quarantine that day. OBI managers

4  also threatened Plaintiffs that they would be fired, reported to the police, reported to the

5  immigration officials, and deported.

6      32.     OBI's threats and treatment created extreme emotional distress for Plaintiffs.

7  Plaintiffs were in a foreign country, isolated from everything and everyone they knew,

8  thousands of miles away from their five children, and fearful of contracting coronavirus during

9  the pandemic.

10     33.     On June 29, 2020, Plaintiff Marija Paunovic was told that she tested positive for

11 coronavirus and was moved to a different room. That same day, Plaintiff Dusan Paunovic was

12 told that he tested negative for coronavirus, despite having been with his wife the entire time.

13     34.     On July 2, 2020, Plaintiff Dusan Paunovic was tested again and told he was

14 positive for coronavirus. Plaintiffs did not receive copies of the test results despite repeated

15 requests. Company representatives then isolated both Plaintiffs in the same room.

16     35.     On July 3, 2020, OBI transferred both Plaintiffs to Anchorage for further

17 quarantine. Plaintiffs were not told where they were going, and Plaintiffs were concerned

18 they were being deported despite having followed the rules to remain in quarantine.

19     36.     On or about July 15, 2020, Plaintiffs received a letter from Alaska's Department

20 of Health and Social Services advising them they were out of quarantine as of that date. Both

21 Plaintiffs had travel clearance documents and were told they would be transferred to a

22 different plant in Seward, Alaska for work. But later that same day, OBI terminated both

23 Plaintiffs. OBI claimed that Plaintiffs had failed to follow the quarantine because Mrs.

24 Paunovic had visited Mr. Paunovic after she tested positive for coronavirus.

25     37.     All told, Plaintiffs spent 29 days in quarantine.

26     38.     Defendant OBI failed to pay Plaintiffs on a bi-weekly basis. Even though

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiffs started work on June 15, 2020, OBI did not pay them until July 18, 2020, after Plaintiff Marija Paunovic sent an email to OBI's human resources department and Ms. Donna Kees requesting payment.

39.     For each day of quarantine, Plaintiffs received $75.00. Initially Plaintiffs were told they would be paid for 20 days of quarantine. After they objected, Plaintiffs were told they would be paid for 29 days of quarantine.

40.     Employers of H2-B workers are required in the first workweek to compensate employees for all visa, visa processing, border crossing, and other related fees (including those mandated by the government) incurred by the H-2B worker. By delaying wage payments, Defendants also delayed this compensation.

41.     By regulation, employers of H-2B temporary workers are required to pay wages at intervals no greater than bi-weekly. *See* 29 C.F.R. § 503.16(h).

42.     On information and belief, Plaintiffs' employment agreement provided for bi-weekly wage payments.

43.     Other Alaska seafood processing entities pay their employees on a bi-weekly basis.

44.     Other Alaska seafood processing entities paid their employees at or above the minimum wage for full-time work during periods of quarantine.

**COLLECTIVE AND CLASS DEFINITIONS**

45.     <u>FLSA Collective</u>. Plaintiffs bring this lawsuit for Count I under 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants: All current or former employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC in the United States who at any time after May 2018 performed fish processing work and were paid at greater intervals than bi-weekly (the "FLSA Collective").

46.     <u>Delay Class</u>. Plaintiffs also bring this lawsuit for Count II as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class: All current or former

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC in the United States who at any time after May 2018 performed fish processing work and were paid at greater intervals than bi-weekly (the "Delay Class").

47.     Quarantine Class. Plaintiffs also bring this lawsuit for Count III as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class: All current or former employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC in the United States who at any time after December 2019 performed fish processing work and were subject to a mandatory quarantine period during which they were paid they were paid less than the minimum wage rate multiplied by eight or more hours for each day spent in quarantine (the "Quarantine Class").

48.     Plaintiffs reserve the right to redefine the collective and classes before certification and thereafter as necessary.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring Count I of this lawsuit under 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

50.     Plaintiffs wish to pursue their FLSA claims on behalf of all individuals who opt-in to this action under 29 U.S.C. § 216(b).

51.     Many individuals are similarly situated to Plaintiffs because they performed fish processing work for Defendants between May 2018 and the present.

52.     Like Plaintiffs, the primary job duties of the FLSA Collective Members involved only non-exempt work consisting of fish processing, such as sorting, cleaning, washing, weighing, canning, glazing, packaging, freezing, preserving, or packing fish and other seafood.

53.     Like Plaintiffs, the FLSA Collective Members regularly worked more than 40 hours per week but were not paid bi-weekly.

54.     Defendants knew that Plaintiffs and the FLSA Collective Members were not being paid bi-weekly.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

55.     Plaintiffs and the FLSA Collective Members are similarly situated in that they had substantially similar job duties and were subject to Defendants' common policies and practices.

56.     The similarly situated employees are known to Defendants, are readily identifiable, and can easily be located through Defendants' business and human resources records.

57.     Defendants have employed many FLSA Collective Members in the United States. These similarly situated employees may be readily notified of this action through electronic mail, physical letter, or other means and allowed to opt into this action under 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

**DELAY CLASS ACTION ALLEGATIONS**

58.     Plaintiffs bring Count II of this action as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the Delay Class defined above.

59.     Like Plaintiffs, the primary job duties of the FLSA Collective Members involved only non-exempt work consisting of fish processing, such as sorting, cleaning, washing, weighing, canning, glazing, packaging, freezing, preserving, or packing fish and other seafood.

60.     Like Plaintiffs, the Delay Class Members regularly worked more than 40 hours per week but were compensated at greater intervals than bi-weekly.

61.     Defendants knew they were not paying Plaintiffs and the Delay Class Members on a bi-weekly basis.

62.     The members of the Delay Class, hundreds or thousands of employees compensated on the same schedule, are so numerous that joinder of all members is impracticable.

63.     Plaintiffs will fairly and adequately represent and protect the interests of the Delay Class because there is no conflict between the claims of Plaintiffs and those of the Delay

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Class, and Plaintiffs' claims are typical of the claims of the Delay Class. Plaintiffs' counsel are

2    competent and experienced in litigating class actions and other complex litigation matters,

3    including wage and hour cases like this one.

4         64.    There are questions of law and fact common to the proposed Delay Class,

5    including, without limitation, whether Defendants have violated Alaska law through their

6    policy and practice of paying wages to employees at intervals longer than bi-weekly.

7         65.    Plaintiffs' claims are typical of the claims of the Delay Class Members in the

8    following ways, without limitation: (a) Plaintiffs are members of the Delay Class; (b) Plaintiffs'

9    claims arise out of the same policies, practices and course of conduct that form the basis of

10   the claims of the Delay Class; (c) Plaintiffs' claims are based on the same legal and remedial

11   theories as those of the Delay Class and involve similar factual circumstances; (d) there are no

12   conflicts between the interests of Plaintiffs and the Delay Class Members; and (e) the injuries

13   suffered by Plaintiffs are similar to the injuries suffered by the Delay Class Members.

14        66.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because

15   questions of law and fact common to the Delay Class predominate over any questions

16   affecting only individual Class Members.

17        67.    Class action treatment is superior to the alternatives for the fair and efficient

18   adjudication of the controversy alleged herein. Such treatment will permit a group of similarly

19   situated persons to prosecute their common claims in a single forum simultaneously,

20   efficiently, and without the duplication of effort and expense that numerous individual actions

21   would entail. No difficulties are likely to be encountered in the management of this class

22   action that would preclude its maintenance as a class action, and no superior alternative

23   exists for the fair and efficient adjudication of this controversy. The Delay Class Members are

24   readily identifiable from Defendants' own records. Prosecution of separate actions by

25   individual members of the Delay Class would create the risk of inconsistent or varying

26   adjudications with respect to individual Delay Class Members that would establish

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   incompatible standards of conduct for Defendants.

2       68.    A class action is superior to other available methods for adjudication of this

3   controversy because joinder of all members is impractical. Further, the amounts at stake for

4   many of the Delay Class Members, while substantial, are not great enough to enable them to

5   maintain separate suits against Defendants.

6       69.    Without a class action, Defendants will retain the benefit of their wrongdoing,

7   which will result in further damages to Plaintiffs and the Delay Class and future employees

8   including those employed through H-2B temporary non-agricultural workers. Plaintiffs

9   envision no difficulty in the management of this action as a class action.

10   **QUARANTINE CLASS ACTION ALLEGATIONS**

11       70.    Plaintiffs bring Count III of this action as a class action under Fed. R. Civ. P. 23

12   on behalf of themselves and the Quarantine Class defined above.

13       71.    Like Plaintiffs, the primary job duties of the FLSA Collective Members involved

14   only non-exempt work consisting of fish processing, such as sorting, cleaning, washing,

15   weighing, canning, glazing, packaging, freezing, preserving, or packing fish and other seafood.

16       72.    Like Plaintiffs, the Quarantine Class Members were paid at a rate that fell

17   below the Alaska minimum wage for eight or more hours of compensable time each day of

18   quarantine.

19       73.    Defendants knew that Plaintiffs and the Quarantine Class Members were not

20   being paid the minimum wage.

21       74.    The members of the Quarantine Class, hundreds or thousands of employees

22   subjected to quarantine and paid the same, are so numerous that joinder of all members is

23   impracticable.

24       75.    Plaintiffs will fairly and adequately represent and protect the interests of the

25   Quarantine Class because there is no conflict between the claims of Plaintiffs and those of the

26   Quarantine Class, and Plaintiffs' claims are typical of the claims of the Quarantine Class.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Plaintiffs' counsel are competent and experienced in litigating class actions and other complex

2  litigation matters, including wage and hour cases like this one.

3        76.    There are questions of law and fact common to the proposed Quarantine Class,

4  including, without limitation, whether Defendants have violated Alaska law through their

5  policy and practice of paying $75.00 per day of quarantine.

6        77.    Plaintiffs' claims are typical of the claims of the Quarantine Class Members in

7  the following ways, without limitation: (a) Plaintiffs are members of the Quarantine Class; (b)

8  Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the

9  basis of the claims of the Quarantine Class; (c) Plaintiffs' claims are based on the same legal

10  and remedial theories as those of the Quarantine Class and involve similar factual

11  circumstances; (d) there are no conflicts between the interests of Plaintiffs and the

12  Quarantine Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries

13  suffered by the Quarantine Class Members.

14        78.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because

15  questions of law and fact common to the Quarantine Class predominate over any questions

16  affecting only individual Class Members.

17        79.    Class action treatment is superior to the alternatives for the fair and efficient

18  adjudication of the controversy alleged herein. Such treatment will permit a group of similarly

19  situated persons to prosecute their common claims in a single forum simultaneously,

20  efficiently, and without the duplication of effort and expense that numerous individual actions

21  would entail. No difficulties are likely to be encountered in the management of this class

22  action that would preclude its maintenance as a class action, and no superior alternative

23  exists for the fair and efficient adjudication of this controversy. The Quarantine Class

24  Members are readily identifiable from Defendants' own records. Prosecution of separate

25  actions by individual members of the Quarantine Class would create the risk of inconsistent or

26  varying adjudications with respect to individual Quarantine Class Members that would

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 establish incompatible standards of conduct for Defendants.

2     80.     A class action is superior to other available methods for adjudication of this

3 controversy because joinder of all members is impractical. Further, the amounts at stake for

4 many of the Quarantine Class Members, while substantial, are not great enough to enable

5 them to maintain separate suits against Defendants.

6     81.     Without a class action, Defendants will retain the benefit of their wrongdoing,

7 which will result in further damages to Plaintiffs and the Quarantine Class. Plaintiffs envision

8 no difficulty in the management of this action as a class action.

9

10 **COUNT I**
**FAIR LABOR STANDARDS ACT**
**FAILURE TO TIMELY PAY WAGES**

11 (on behalf of Plaintiffs and the FLSA Collective Class)

12     82.     Plaintiffs restate and incorporate by reference the above paragraphs.

13     83.     Under 29 U.S.C. § 216(b), Plaintiffs bring this count on behalf of themselves and

14 the FLSA Collective.

15     84.     Because they were hired, paid, and had their work controlled by Defendants,

16 Plaintiffs and members of the FLSA Collective Class each qualifies as an "employee" under 29

17 U.S.C. § 203(e)(1).

18     85.     Based on their business operations in food distribution, each Defendant is an

19 "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

20     86.     At all relevant times, as part of each Defendant's business operations, Plaintiffs

21 and members of the FLSA Collective were engaged in commerce or the production of goods

22 for commerce under 29 U.S.C. § 207(a).

23     87.     29 U.S.C. § 206 requires employers to pay non-exempt employees minimum

24 wages for the time they work.

25     88.     The wages due under § 206 must be paid on the regular payday.

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

89.     Failure to timely pay at least the minimum wage entitles an employee to liquidated damages in the amount of the unpaid wage, even if the wage is eventually paid late.

90.     Based on their contracts, the prevailing industry standard, and the H-2B regulations, the regular pay period for Plaintiffs and the FLSA Collective Class was at all relevant times bi-weekly.

91.     By paying employees at intervals greater than bi-weekly, as employers of Plaintiffs and the FLSA Collective, Defendants failed to timely pay the minimum wage owed under the FLSA.

92.     Defendants' actions, policies, and practices described above violated the FLSA's minimum wage requirement by failing to timely pay at least the minimum wage.

93.     The foregoing conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices violated these laws.

94.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and members of the FLSA Collective have suffered damages. Plaintiffs and the FLSA Collective are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under 29 U.S.C. § 216(b).

95.     Defendants are liable under the FLSA for failing to timely compensate Plaintiffs and members of the FLSA Collective. As a result, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have suffered from Defendants' practice of delaying wages and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**COUNT II**
**ALASKA WAGE AND HOUR ACT**
**FAILURE TO TIMELY PAY WAGES**
(on behalf of Plaintiffs and the Delay Class)

96.     Plaintiffs restate and incorporate by reference the above paragraphs.

97.     Alaska Statute 23.10.065 requires employers to pay each employee a minimum wage during each pay period.

98.     On information and belief, Defendants' employment contracts provided for bi-weekly pay periods.

99.     By paying employees at intervals greater than bi-weekly, as employers of Plaintiffs and the Delay Class, Defendants did not pay the minimum wage owed under the AWHA as required.

100.    Defendants' actions, policies, and practices described above violated the AWHA's minimum wage requirement by failing to timely pay at least the minimum wage.

101.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and members of the Delay Class have suffered damages. Plaintiffs and the Delay Class are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under Alaska Statute 23.10.110.

**COUNT III**
**ALASKA WAGE AND HOUR ACT**
**FAILURE TO PAY MINIMUM WAGE FOR QUARANTINE PERIOD**
(on behalf of Plaintiffs and the Quarantine Class)

102.    Plaintiffs restate and incorporate by reference the above paragraphs.

103.    Alaska Statute 23.10.065 requires employers to pay each employee a minimum wage during each pay period.

104.    The period of time during which Plaintiffs and members of Quarantine Class were required to remain in the on-site housing for mandatory quarantine is compensable work time, equal to eight hours or more for every day of quarantine.

CLASS AND COLLECTIVE ACTION COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

105.    Both Plaintiffs' normal workweek when performing fish processing and the amount of time they were subject to employer control during quarantine exceeds 40 hours per week.

106.    Plaintiffs and members of the Quarantine Class were paid $75.00 per day, which is less than the minimum wage even if measured by a 40-hour work week.

107.    Defendants' actions, policies, and practices described above violated the AWHA's minimum wage requirement.

108.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and members of the Quarantine Class have suffered damages. Plaintiffs and the Quarantine Class are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under Alaska Statute 23.10.110.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves, the FLSA Collective, the Delay Class, and the Quarantine Class, hereby pray for the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated individuals informing them of the pendency of this action and permitting them to assert FLSA claims by filing individual consent forms under 29 U.S.C. § 216(b);

B.    An order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the Delay Class and Quarantine Class;

C.    Judgment against Defendants in the amount of actual damages suffered by Plaintiffs and the Classes;

D.    A finding that Defendants' violations of the FLSA were not in good faith and were willful;

E.    A finding that Defendants' violations of Alaska law were willful;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    F.    Liquidated damages for Plaintiffs and members of the FLSA Collective under

2    federal law and for members of the Delay and Quarantine Classes under Alaska law.

3    G.    All reasonable costs and attorneys' fees;

4    H.    An award of prejudgment interest on actual damages recovered under the FLSA

5    (to the extent liquidated damages are not awarded) and post-judgment interest as provided

6    by law;

7    I.    An award of prejudgment and post-judgment interest on actual damages

8    recovered under Alaska law as appropriate; and

9    J.    All further relief as the Court deems just and equitable.

10    RESPECTFULLY SUBMITTED AND DATED this 28th day of May, 2021.

11                                     TERRELL MARSHALL LAW GROUP PLLC

12
                                       By: /s/ Toby J. Marshall, WSBA #32726
13                                         Toby J. Marshall, WSBA #32726
                                           Email: tmarshall@terrellmarshall.com
14
                                       By: /s/ Ryan Tack-Hooper, WSBA #56423
15                                         Ryan Tack-Hooper, WSBA #56423
16                                         Email: rtack-hooper@terrellmarshall.com
                                           936 North 34th Street, Suite 300
17                                         Seattle, Washington 98103-8869
18                                         Telephone: (206) 816-6603
                                           Facsimile: (206) 319-5450
19
                                           Tamara Kenworthey, *Pro Hac Vice Forthcoming*
20                                         Email: tkenworthey@kenwortheylaw.com
21                                         KENWORTHEY LAW PLLC
                                           137 Fifth Avenue, 9th Floor
22                                         New York, New York 10010
                                           Telephone: (718) 344-5746
23
24                                         *Attorneys for Plaintiffs*

25

26

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 17

— EXHIBIT 1 —

## CONSENT TO JOIN COLLECTIVE ACTION

Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

1. I hereby consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") arising out of my work with OBI Seafoods LLC, Ocean Beauty Seafoods LLC, and/or related entities and individuals ("OBI") in the period from 2019 to present.

2. I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a party plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

3. I hereby designate Terrell Marshall Law Group and Kenworthey Law PLLC to represent me for all purposes in this action or any subsequent action against OBI.

4. I also designate any named plaintiffs, to the fullest extent possible under applicable laws, as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, compensation due my attorneys, and all other matters pertaining to this lawsuit.

Signature:

Date: MAY 28, 2021

Name (printed): PAUNOVIC MARIJA

Address:

Telephone:

Email:

— EXHIBIT 2 —

## CONSENT TO JOIN COLLECTIVE ACTION

Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

1. I hereby consent and agree to pursue my claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") arising out of my work with OBI Seafoods LLC, Ocean Beauty Seafoods LLC, and/or related entities and individuals ("OBI") in the period from 2019 to present.

2. I understand that this lawsuit is brought under the FLSA. I hereby consent, agree, and "opt in" to become a party plaintiff herein and to be bound by any judgment by the Court or any settlement of this action.

3. I hereby designate Terrell Marshall Law Group and Kenworthey Law PLLC to represent me for all purposes in this action or any subsequent action against OBI.

4. I also designate any named plaintiffs, to the fullest extent possible under applicable laws, as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, compensation due my attorneys, and all other matters pertaining to this lawsuit.

Signature:

Date: May 28, 2021

Name (printed): DUSAN PAUNOVIC

Address:

Telephone

Email: