UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OBI SEAFOODS LLC and OCEAN BEAUTY SEAFOODS LLC,<br><br>Defendants. | CASE NO. C21-884 MJP<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Motion to Compel Class Discovery and For Clarification of Order Granting Conditional Certification. (Dkt. No. 51.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 63), the Reply (Dkt. No. 65), and all supporting materials, the Court GRANTS the Motion.

## BACKGROUND

Plaintiffs Marija and Dusan Paunovic bring claims under the Fair Labor Standards Act and the Alaska Wage and Hour Act against their former employers Defendants OBI Seafoods

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 1

1  LLC and Ocean Beauty Seafoods LLC. (Complaint ¶ 1 (Dkt. No. 1-1).) The Court has granted

2  Plaintiffs' Motion for Conditional Certification of the FLSA claims and Plaintiffs' Motion for

3  Class Certification has been filed and will note for a decision on July 7, 2022.

4      Plaintiffs have now filed a Motion to Compel to obtain class-related discovery. As

5  narrowed on April 15, 2022, Plaintiffs seek pre-class-certification document discovery from

6  Defendants related to: (1) the dates that wages were paid to each proposed class member and the

7  pay periods of the paychecks; (2) daily rates for quarantine pay for fish processors at all

8  processing sites, including those operated by Icicle Seafoods before Defendants' takeover in

9  June 2020; and (3) hours paid to each proposed class member for each non-quarantine workday.

10  (See Declaration of Toby Marshall in Support of Pls.' Mot. ¶ 10 & Ex. G (Dkt. No. 52); id. Ex. B

11  (Request for Production No. 3 (Dkt. No. 52-2 at 12-13).) Plaintiffs also seek a response to

12  Interrogatory No. 3, which asks Defendants to identify all proposed class members. (See id. Ex.

13  B (Dkt. No. 52-2 at 8).) But Plaintiffs have agreed to narrow the interrogatory to seek only

14  anonymized information.

15                                         **ANALYSIS**

16  **A.     Production Required**

17      The Court finds Plaintiffs' narrowed request for discovery to be appropriate at this stage

18  of the litigation. The information Plaintiffs seek relates to the proposed class, and the issues of

19  numerosity, commonality, typicality, and predominance. See Olean Wholesale Grocery Coop.,

20  Inc. v. Bumble Bee Foods LLC, 31 F.4th 651, 663 (9th Cir. 2022) (discussing class certification

21  requirements, generally). Defendants have offered no valid reason why they should not produce

22  the information and documents that have been requested. Defendants have identified no undue

23  burden or disproportionality in the request. Nor are Defendants' boilerplate objections adequate,

24

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 2

as they advance no specific, valid objections. To be valid, objections to discovery must be carefully and narrowly tailored to the discovery sought and advance legitimate reasons why the discovery sought is improper. Defendants' objections fail to meet this standard. Nor is the Court convinced that Plaintiffs waited too long to make their request. Although the information would likely have been useful if obtained before the class certification motion was filed, it remains relevant. And the record shows Plaintiffs moved diligently to pursue the information, even withdrawing an earlier motion in the hopes of resolving the dispute without judicial intervention. On this record, the fact that Plaintiffs have already moved for class certification does not render the production of this information irrelevant or improper.

The Court therefore ORDERS Defendants to produce within 10 days of entry of this Order documents sufficient to show: (1) the dates that wages were paid to each proposed class member and the pay periods of the paychecks; (2) daily rates for quarantine pay for fish processors at all processing sites, including those operated by Icicle Seafoods before Defendants' takeover in June 2020; and (3) hours paid to each proposed class member for each non-quarantine workday. Given that Defendants rejected Plaintiffs' proposed sampling request, the Court will not limit the document request to a sample. And the Court ORDERS Defendants to provide a complete response to Interrogatory No. 3 within 10 days of entry of this Order, with the information anonymized.

**B.    Clarification of Prior Order**

As requested by Plaintiffs, the Court clarifies that its Order on Plaintiffs' Motion for Conditional Certification applies to all former employees of OBI Seafoods LLC, regardless of whether they were "leased" from Icicle Seafoods or not. The Court understands that Defendants wish to argue that some of the employees working at the fish processing sites were "leased" and

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 3

that they were not Defendants' employees. But that argument has never been squarely presented to the Court for a decision and the Court did not shape its Order on the Motion for Conditional Certification to give credence to it. Defendants are free to present their argument at some future point. But Defendants position at this point in the litigation is not a basis to limit the reach of the Court's Order on Conditional Certification.

**C.     Fees and Costs**

The Court finds that attorneys' fees and costs are appropriately awarded to Plaintiffs. Having considered the record, the Court finds that Defendants' opposition to the narrowed discovery was not "substantially justified." Fed. R. Civ. P. 37(a)(5)(A). The record demonstrates that Plaintiffs engaged in good faith efforts to resolve this dispute without the aid of the Court, including by withdrawing an earlier motion to compel, engaging in multiple meet and confers, and waiting weeks for Defendants to respond to Plaintiffs' narrowed request. Defendants have not provided substantial justification for their objections and failing to respond in a timely manner to the narrowed request from April 15, 2022. And Defendants' Response brief fails to advance a reasoned or justifiable opposition to the narrowed discovery sought. The Court finds Defendants' approach lacked substantial justification and that Plaintiffs are therefore entitled to recoup the fees and costs in preparing their Motion to Compel. The Court therefore GRANTS Plaintiffs' request for reasonable fees and costs in bringing the Motion to Compel. But the fees and costs may only include time and costs incurred from April 15, 2022 to the date of the Reply to reflect the date by which Plaintiffs narrowed their request. Plaintiffs must submit their statement of costs and fees within 10 days of entry of this Order.

## CONCLUSION

The Court finds that Plaintiffs' narrowed request for additional class-specific discovery is appropriate and GRANTS the Motion. Defendants must provide responsive materials as outlined in this Order within 10 days of its entry. The Court also clarifies that its Order on the Motion for Conditional Certification applies to all of Defendants' employees, whether "leased" or not. And the Court AWARDS Plaintiffs their fees and costs in bringing this Motion from April 15, 2022 to the date of the Reply brief. Plaintiffs are ORDERED to provide a statement of fees and costs within 10 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 22, 2022.

Marsha J. Pechman
United States Senior District Judge