UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OBI SEAFOODS LLC, an Alaska corporation, and OCEAN BEAUTY SEAFOODS LLC, an Alaska corporation,<br><br>Defendant. | CASE NO. 2:21-cv-00884-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

### I.   STIPULATED PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   SCOPE

   2.1   The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

   However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain or becomes part of the public domain through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

   2.2   If a designating party files a "CONFIDENTIAL" document, as defined below, in court and does not attempt to file it under seal, or if a document is otherwise already part of the public record as of the entry of this Stipulated Protective Order, the document(s) in question are not subject to this Stipulated Protective Order. If a non-designating party files a document marked "CONFIDENTIAL" by the non-filing party, the non-filing party may seek appropriate relief from the court to ensure protection under this Stipulated Protective Order consistent with GR 15.

   2.3   Non-public information of a confidential and/or proprietary nature is limited to information that has been maintained in a manner reasonably calculated to preserve its confidentiality and the public disclosure of such information would likely cause irreparable harm to a party or a person.

3. DEFINITIONS

3.1 <u>Challenging Party</u>: a party or non-party that challenges the designation of information or items under this Stipulated Protective Order.

3.2 <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored, or maintained) or tangible things containing:

(1) non-public employment files or sensitive personnel or health related information relating to plaintiffs and any other employee or laborer;

(2) personally identifying information that is required to be redacted from court records pursuant to Local Civil Rule 5.2(a) or other applicable court rule, statute, or the Rules of Professional Conduct; or

(3) material the designating party is otherwise required by state or federal law to keep confidential.

3.3 <u>Counsel (without qualifier):</u> Outside Counsel of Record and In - House Counsel (as well as their support staff).

3.4 <u>Designating Party:</u> a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.5 <u>Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in response to discovery in this matter.

3.6 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

3.7 <u>In-House Counsel:</u> attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.8 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.9 <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.10 <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, insurers, and Outside Counsel of Record (and their support staffs).

3.11 <u>Producing Party</u>: a party or non-party that produces Discovery Material in this action.

3.12 <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.13 <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

3.14 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. Nothing in this Protective Order limits a designating party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation, including public records requests.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, employees (including in house counsel), and former employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c) the parties;

    (d) the parties' client representatives, insurance carriers/third-party administrators, and/or counsel for their insurance carriers/third-party administrators, and/or other persons or entities who may or could be financially liable for any moneys owed, or damages incurred, relating to this case and their counsel, for any purpose in this litigation;

    (e) former employees of Defendants who may have discoverable information about this case and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    (f) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the court, court personnel, and court reporters and their staff;

    (h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

    (j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (k)  mediator(s) retained by the parties;

    (l)  any person testifying at trial; and

    (m) witnesses interviewed by a party's representatives or counsel, when such disclosure is reasonably necessary for the purposes of factual investigation, discovery, or trial preparation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

  4.3  <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

  5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions

of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced. Any document or item already designated "CONFIDENTIAL" prior to the entry of this Order shall be considered designated under the protections of this Order.

Designation in conformity with this Stipulated Protective Order requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the designating party identify on the record, or within 30 days of the production of a transcript of the testimony or as the parties agree that more time is needed, all protected testimony. For any

transcripts that exists as of the entry of this Stipulated Protective Order, any designations shall be made within 15 days of the entry of this order.

(c) for information produced in some other form than documentary and for any other tangible items, that the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring,

the designating party must explain the basis for its belief that the confidentiality designation was proper. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first and the parties are unable to resolve the challenge or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days or (14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such motion shall be on the designating party. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging

party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **FINAL DISPOSITION**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth above.

IT IS SO STIPULATED, DATED this 18th day of July, 2022.

| TERRELL MARSHALL LAW GROUP PLLC | LITTLER MENDELSON P.C. |
|---|---|
| By: /s/Toby J. Marshall, WSBA #32726<br>Toby J. Marshall, WSBA #32726<br>Email: tmarshall@terrellmarshall.com<br>Ryan Tack-Hooper, WSBA #56423<br>Email: rtack hooper@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 | By: /s/ Renea I. Saade, WSBA #30044<br>Renea I. Saade, WSBA #30044<br>Email: rsaade@littler.com<br>500 L Street, Suite 201<br>Anchorage, AK 99501<br>Telephone: (907) 561-1214<br>Facsimile: (907) 561-1215<br><br>*Attorneys for Defendants* |

KENWORTHEY LAW PLLC
Tamara Kenworthey, *Admitted Pro Hac Vice*
Email: tkenworthey@kenwortheylaw.com
137 Fifth Avenue, 9th Floor
New York, New York 10010
Telephone: (718) 344-5746

*Attorneys for Plaintiffs*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: <u>July 20, 2022</u>

*[signature]*

The Honorable Marsha J. Pechman
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Paunovic v. OBI Seafoods LLC, et al.*, No. 2:21-cv-00884-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4876-4412-3946.1 / 112405-1001