UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OBI SEAFOODS LLC and OCEAN BEAUTY SEAFOODS LLC,<br><br>Defendants. | CASE NO. C21-884 MJP<br><br>ORDER ON MOTION TO DETERMINE AMOUNT OF FEE AWARD |

This matter comes before the Court on Plaintiff's Motion to Determine Amount of Fee Award. (Dkt. No. 84.) Having reviewed the Motion, the Response (Dkt. No. 91), the Reply (Dkt. No. 93), and all supporting materials, the Court GRANTS in part the Motion.

## BACKGROUND

The Court previously granted Plaintiffs' Motion to Compel and awarded fees and costs "incurred from April 15, 2022 to the date of the Reply to reflect the date by which Plaintiffs narrowed their request." (Dkt. No. 73 at 4.) Although the Court merely asked Plaintiffs to file a

1  statement of fees and costs, they filed the present Motion to which Defendants have served a
2  response. Plaintiffs request $11,462.50 in fees for 23.6 hours billed by two attorneys, Ryan Tack-
3  Hooper and Sarah Smith. (See Declaration of Toby J. Marshall ISO Mot. ¶¶ 6-8, 12-13, 17 & Ex.
4  1 (Dkt. No. 85).) Plaintiffs ask the Court to approve an hourly rate of $525 for Tack-Hooper and
5  $350 for Smith. (Id. ¶¶ 12-13.) Tack-Hooper has approximately 13 years of experience and
6  Smith has approximately 3 years of experience. (Id. ¶¶ 4-5.) In their reply, Plaintiffs also suggest
7  that Tack-Hooper won approval of an hourly rate of $475 in 2019 from the U.S. District Court
8  for Delaware. (Reply at 2 n.1.)

9  Defendants object to the requested hourly rates and the total number of hours billed. (Dkt.
10 No. 91.) And Defendants ask the Court to award no more than $3,457.50 and to hold any award
11 in abeyance. (Id. at 8-9.)

## ANALYSIS

13 To determine the fee award for a prevailing party, the Court begins by calculating a
14 lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it
15 by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000)
16 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The Court determines the hourly rate by
17 considering the "evidence produced by the parties, including fee rates of other attorneys in
18 similar practices, awards in comparable cases, counsel's experience and reputation level, and the
19 market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the
20 preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). In deciding the
21 number of hours "reasonably expended," the Court considers whether the time on matter that
22 was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The requesting

attorney must also provide reasonable documentation of the work performed to enable this determination. Id. at 433.

The Court first finds that the requested hourly rates require some adjustment.

As to Tack-Hooper, Plaintiffs suggest that his requested hourly rate of $525 is reasonable in light of his experience and fee rates approved in similar cases in this District as well as the approval of his 2019 hourly rate of $475. (See Dkt. No. 84 at 3; Dkt. No. 93 at 2 n.1.) And in their Reply, Plaintiffs argue that Tack-Hooper is similarly experienced to Matthew Lee, Plaintiff's counsel in Kingston v. Int'l Bus. Mach. Corp., whose hourly rate of $525 the Court approved. (See Dkt. No. 93 at 2 (citing Kingston, C19-1488 MJP, Dkt. No. 192 (W.D. Wash. June 29, 2021)).) The Court is not convinced that Tack-Hooper's requested rate is merited. First, the comparison to Lee falls short. The Court approved Lee's hourly rate after observing his skill through a hard-fought trial that led to a substantial result for his client. The Court has not had similar occasion to observe Tack-Hooper's skill. Second, a comparison to Toby Marshall's rate that the Court approved in Kingston also suggests that the requested rate is too high. Although Marshall and Tack-Hooper work at the same firm, Marshall has substantially more experience than Tack-Hooper and the Court approved an hourly rate of $525 after observing Marshall through the same successful trial. Third, contrary to Defendants' position, the Court is not convinced that it should determine Tack-Hooper's rate with reference to the rates charged by Defendants' counsel. That comparison is inapt given the contingent nature of Plaintiffs' counsel's work and the lack of any broad data for hourly rates of defense attorneys. See Trevino v. Gates, 99 F.3d 911, 925 (9th Cir. 1996). Having considered the prior awards for counsel of similar skill and experience in this District, the Court finds an hourly rate of $500 to be appropriate for Tack-Hooper.

As to Smith, the Court also finds a downward adjustment necessary. Plaintiffs again cite to other fee awards from similar cases to justify Smith's hourly rate of $350. But these comparisons fall short. (Dkt. No. 84 at 3.) For example, Plaintiffs rely on the 2022 approval of an hourly rate of $325 for another associate of the same firm. (Id. (citing Hoffman v. Hearing Help Express, Inc., No. 3:19-cv-05960-MJP, Final Approval Order, Dkt. No. 150 at 3-4 (W.D. Wash. Jan. 5, 2022)).) That award was based on 2021 rates for an attorney with nearly two more years of experience than Smith from the same firm. (See Ex. C. to Decl. of Renea Saade (Dkt. No. 92).) Using this as a benchmark, the Court finds that an hourly rate of $325 is more appropriate for Smith.

The Court otherwise finds that the hours for which counsel requests compensation to be reasonable. Plaintiffs have limited their request to only two billing attorneys who spent time that was necessary to achieve a sound result for their clients. The Court remains unconvinced by any of Defendants' speculative arguments that the time billed was redundant or unnecessary. The Court therefore finds the hours requested to be reasonable: 18.3 hours for Tack-Hooper and 5.3 for Smith.

In full, the Court awards Plaintiffs $10,872.50 in fees for successfully bringing the Motion to Compel ($10,872.50 = (18.3 x $500) + (5.3 x $325)). And the Court rejects Defendants' request that the fee award be held in abeyance. This argument turns on Defendants' assertion that they are seeking fees and costs in defending against this lawsuit, that they might make an offer of judgment, and that they might possibly be file a motion through which they could be awarded fees under Rule 37. The possibility that these events might occur in the future does not convince the Court to hold the fee award in abeyance particularly given the Court's underlying rationale for awarding the fees in the first place.

## CONCLUSION

The Court finds that Plaintiffs are entitled to a fee award of $10,872.50. Defendants shall remit payment to Plaintiffs' counsel within 30 days of entry of this Order and file with the Court a notice of compliance with this Order by that same date.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 12, 2022.

Marsha J. Pechman
United States Senior District Judge