UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OBI SEAFOODS LLC and OCEAN BEAUTY SEAFOODS LLC,<br><br>Defendants. | CASE NO. C21-884 MJP<br><br>ORDER ON DEFENDANTS' MOTION TO ACCEPT LATE-FILED OPPOSITION |

This matter comes before on Defendants' Motion to Accept Late-Filed Opposition. (Dkt. No. 121.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 122), and all supporting materials, the Court GRANTS the Motion.

Defendants ask the Court to accept their oppositions to Plaintiffs' Motion to Amend the Scheduling Order (Dkt. No. 103) and Motion to Amend the Scheduling Order and for Leave to Amend the Complaint (Dkt. No. 105). Defendants argue that their oppositions were timely filed

ORDER ON DEFENDANTS' MOTION TO ACCEPT LATE-FILED OPPOSITION - 1

and, if not, their failure to do so was due to a good faith misreading of the Local Rules. The Court reviews both arguments.

     Defendants first argue that their oppositions were timely filed on the Wednesday before the noting date for each Motion because both Motions were subject to the briefing rules set forth in Local Rule 7(d)(2). Local Rule 7(d)(2) applies to motions that seek relief from a deadline, and it requires that the motion be noted no earlier than the second Friday from filing and that all oppositions be filed the Wednesday before the noting date. Plaintiffs maintain that their Motions were properly noted under Local Rule 7(d)(3)—three Fridays from the filing date—and that Defendants' responses were due the Monday before the noting date. Plaintiffs maintain that even if their Motion to Amend the Sheduling Order and Amend the Complaint (Dkt. No. 105) sought relief from a deadline, it would be subject to the longer noting date under Rule 7(d)(3) because it seeks leave to amend the complaint.

     The Court finds that only one of the oppositions was timely filed. The Court agrees with Defendants that Plaintiffs' Motion to Amend the Scheduling Order (Dkt. No. 103) is a motion for relief from a deadline governed by Local Rule 7(d)(2). As such, the opposition was timely filed the Wednesday before the noting date even though Plaintiffs noted it for three Fridays from the filing date. Plaintiffs' other Motion (Dkt. No. 105) also asks for relief from a deadline and for permission to amend the complaint. This Motion arguably falls under both Local Rule 7(d)(2) and 7(d)(3). But the Court agrees with Plaintiffs that Motion is governed by Local Rule 7(d)(3) because motions seeking multiple forms of relief are governed by the Local Rule providing the longest applicable noting date. This means that Defendants' opposition was due the Monday before the noting date and it was filed two days late.

Defendants also ask the Court to excuse any tardy opposition on the theory that counsel mistakenly calendared the oppositions under Local Rule 7(d)(2) and not Local Rule 7(d)(3). Having considered the potential ambiguity in the Local Rules on the precise briefing deadlines applicable to a motion seeking mixed relief, the Court finds that Defendants' late response is excusable and that the failure to timely file the opposition was not due to bad faith. See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Court also finds that any prejudice to Plaintiffs is miminal and can be redressed by providing additional time to file a substantive response. See id.

The Court therefore GRANTS the Motion and accepts both of Defendants' Oppositions. The Court GRANTS Plaintiffs LEAVE to file new Replies to both Motions (Dkt. Nos. 103 & 105) by no later than August 29, 2022.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 24, 2022.

Marsha J. Pechman
United States Senior District Judge