UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OBI SEAFOODS LLC and OCEAN BEAUTY SEAFOODS LLC,<br><br>Defendants. | CASE NO. C21-884 MJP<br><br>ORDER FOR FURTHER BRIEFING |

The Court issues this Order in response to Plaintiffs' Proposed Class Notice Plan. (Dkt. No. 152.) The Court has reviewed the briefing submitted by the Parties (Dkt. Nos. 152, 157, and 160) and finds that the Parties must submit further briefing before the Court can rule on the proposed notice plan.

The Parties dispute whether individuals who were hired by Icicle Seafoods as fish processors and who worked at locations operated by OBI Seafoods LLC after June 2020 should be included in the Quarantine Class or not for purposes of the class notice. The Court's Order on

Plaintiffs' Motion for Class Certification rendered no express decision on this issue. That stems from the fact, as Plaintiffs recognized in their Motion for Class Certification, that resolving this issue requires making a legal determination as to whether Defendants are the "legal employer[s]" of these individuals under the Alaska Wage and Hour Act. (Mot. for Class Cert. at 9-10 n.9.)[1] Neither party has properly presented this issue to the Court for resolution and it was not appropriate to decide as part of ruling on the Motion for Class Certification. But in order to ensure a proper class notice is issued, the Court believes it should now determine as a matter of law whether these individuals were Defendants' employees. If the individuals were Defendants' employees then they will be included in the Quarantine Class. But to send these individuals class notice before making this determination appears inefficient, confusing, and potentially prejudicial to their due process rights. To avoid this, the Court ORDERS as follows:

1. By November 10, 2022, Plaintiffs must file a motion for partial summary judgment on the issue of these individuals' legal employer. The motion shall not exceed 12 pages.

2. Defendants' response of no more than 12 pages shall be due by November 28, 2022; and

3. Plaintiffs' reply of no more than 6 pages shall be due by December 2, 2022, and the Motion will note on December 2, 2022.

Separately, the Court notes that Defendants' Opposition was improperly filed without a signature, which does not conform with Civil Rule 11 or Local Civil Rule 10(e)(4). (See Dkt. No. 157.) Notwithstanding this significant oversight, the Court has considered its contents to

---

[1] While the Court directed the FLSA notice to be sent to Icicle Seafoods workers, it made no determination that these individuals were Defendants' employees. (See Dkt. No. 73.)

proceed efficiently through this matter. But within two days of entry of this Order, counsel for Defendants must refile the brief with her signature. The Court warns all counsel that it will strike any unsigned pleadings, motions, and other filings.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 26, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER FOR FURTHER BRIEFING - 3