UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIJA PAUNOVIC and DUSAN PAUNOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OBI SEAFOODS LLC and OCEAN BEAUTY SEAFOODS LLC,<br><br>Defendants. | CASE NO. C21-884 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' Motion for Reconsideration. (Dkt. No. 177.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

Under the Local Civil Rules, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1     Defendants contend that the Court committed manifest error in its decision on Plaintiffs'

2 Motion for Partial Summary Judgment re: Employer of Former Icicle Workers by contradicting

3 an earlier-issued Order For Further Briefing. (Dkt. No. 177 (citing Order for Further Briefing

4 (Dkt. No. 162).) Defendants point out that in its Order For Further Briefing, the Court stated, in

5 part:

6     in order to ensure a proper class notice is issued, the Court believes it should now determine as a matter of law whether these individuals were Defendants' employees. If
7     the individuals were Defendants' employees then they will be included in the Quarantine Class. But to send these individuals class notice before making this determination appears
8     inefficient, confusing, and potentially prejudicial to their due process rights.

9 (Order For Further Briefing at 2 (Dkt. No. 162).) Defendants take issue with the Court's

10 determination that although Plaintiffs were not entitled to summary judgment on this issue, the

11 Icicle workers are part of the quarantine class. (Mot. at 3.) Specifically, Defendants maintain that

12 the law of the case requires the Court to first find as a matter of law that the Icicle workers to

13 Defendants' employees before they could be included in the quarantine class. (Id. at 3-4.)

14     The Court understands Defendants' position and its reading of the Order For Further

15 Briefing. But the Court disagrees that Order For Further Briefing made a specific finding that

16 Plaintiffs had to prove as a matter of law that the Icicle workers were Defendants' employees to

17 be included in the quarantine class. The Court's Order stated the Court's "belie[f]" that it should

18 determine as a matter of law whether the Icicle workers Defendants' employees before issuing

19 them class notice and that this "appear[ed]" to be the proper approach. (Dkt. No. 162 at 2.) But

20 the Court did not conclude that such a determination was necessary as a matter of law before

21 including these individuals in the class. As the Court explained in its Order on Summary

22 Judgment: "for purposes of class certification, Plaintiffs need only show by a preponderance of

23 the evidence that this group of individuals are properly part of the class, using 'any admissible

24

evidence.'" (Order on Motion for Summary Judgment at 14 (Dkt. No. 175) (quoting Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, 31 F.4th 651, 665 (9th Cir. 2022)). Plaintiffs met their burden, as the Court concluded. (See id. at 13-16.) And it was unnecessary to resolve conclusively the ultimate legal question of employer status in order to determine whether the class should include these individuals. See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). Ultimately, all members of the quarantine class will have to demonstrate that one or both of the Defendants were their employers to prevail on their claims. And Defendants may prevail on their defense. But that determination is not necessary to make to resolve whether the Icicle workers are part of the quarantine class.

The Court also rejects Defendants' request to revise the class notice to specify that the Icicle workers only "may be" part of the quarantine class. The Court has already held that the Icicle workers are part of the class and they should receive the notice as drafted. (See Dkt. No. 175 at 14-16.) Defendants may prevail on their position that these individuals are not entitled to relief. But they are properly part of the class for notice purposes. And in light of the evidence presented in the Motion for Summary Judgment, the Court no longer has any concerns about the efficiency, clarity, or prejudice in providing notice in the form the Court approved.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 9, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3