THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7    MARIJA PAUNOVIC and DUSAN
      PAUNOVIC, individually and on behalf of all
8    others similarly situated,

9                             Plaintiffs,

10          v.

11
      OBI SEAFOODS LLC, an Alaska corporation,
12   and OCEAN BEAUTY SEAFOODS LLC, an
      Alaska corporation,
13

14                           Defendants.

NO. 2:21-cv-00884-MJP

**PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION:
MAY 31, 2024**

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 2:21-cv-00884-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................1

II.  BACKGROUND ................................................................................................1

    A.  Background and procedural history ................................................1

    B.  Settlement terms...............................................................................2

        1.  The Settlement Class............................................................2

        2.  Monetary relief.....................................................................3

            a.  Settlement awards ....................................................3

            b.  Service awards ..........................................................4

            c.  Settlement administration expenses ...........................5

            d.  Attorneys' fees and costs payment ...........................5

        3.  Release ...................................................................................5

        4.  Notice plan ............................................................................6

III.  ARGUMENT AND AUTHORITY ...................................................................6

    A.  The Court should preliminarily approve the proposed settlement....................6

        1.  The settlement is the result of arm's-length, non-collusive
            negotiations ...........................................................................7

        2.  The settlement is adequate considering the strengths of the case
            and the risks, costs, and delays of trial and appeal .................8

        3.  Counsel are well informed and support the settlement...........9

        4.  The settlement fund will be distributed fairly........................9

        5.  Settlement Class Members' reaction to the settlement........10

    B.  The proposed attorneys' fees and costs payment is reasonable........10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C.    The proposed notice program is constitutionally sound ...................................11

D.    The proposed schedule for final approval...........................................................12

IV.    CONCLUSION...............................................................................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

### CASES

4

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)....................................................................................11

5

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015)..................................................................7

6

7

*Flaherty v. Kanaway Seafoods, Inc.*,
    Case No. 3:22-cv-00155 (D. Alaska 2022)...................................................8

8

9

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215 (N.D. Ill. 2015)....................................................................9

10

*Hall v. L-3 Commc'ns Corp.*,
    2019 WL 3845460 (E.D. Wash. Aug. 2, 2019) ........................................4, 5

11

12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................6, 10

13

14

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ...........................................................................11

15

16

*Ikuseghan v. Multicare Health Sys.*,
    2016 WL 3976569 (W.D. Wash. July 25, 2016) ...........................................7

17

18

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011)....................................................................7, 10

19

20

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .....................................................................8, 9

21

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .........................................................................5

22

23

*In re Nat'l Collegiate Athletic Ass'n*,
    2017 WL 6040065 (N.D. Cal. Dec. 6, 2017).................................................5

24

25

*In re Online DVD-Rental*,
    779 F.3d 934 (9th Cir. 2015) .........................................................................6

26

27

*Lane v. Facebook, Inc.*,
    696 F3d 811 (9th Cir. 2012) ..........................................................................4

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - iii
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................................9

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ....................................................................5

*Rinky Dink, Inc. v. World Business Lenders*,
    Case No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016)................9

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) .................................................................................4, 8, 9

*Ruch v. AM Retail Group, Inc.*,
    2016 WL 1161453 (N.D. Cal. Mar. 24, 2016)...............................................................7

*Schofield v. Delta Air Lines, Inc.*,
    2019 WL 955288 (N.D. Cal. Feb. 27, 2019) .........................................................10, 11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................4, 10

*Van Kempen v. Matheson Tri-Gas, Inc.*,
    No. 15-CV-00660-HSG, 2017 WL 3670787 (N.D. Cal. Aug. 25, 2017) ......................8

**RULES**

Fed. R. Civ. P. 23(c)(2)(B) ..............................................................................................11

Fed. R. Civ. P. 23(e)(1).................................................................................................6, 11

Fed. R. Civ. P. 23(e)(2)......................................................................................................7

Fed. R. Civ. P. 23(e)(3)......................................................................................................7

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - iv
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## I.   INTRODUCTION

2

Plaintiffs Marija Paunovic and Dusan Paunovic have reached a settlement with

3 Defendants in this class and collective action lawsuit alleging violations of Alaska's Wage and

4 Hour Act (AWHA) and the Fair Labor Standards Act (FLSA). The settlement requires

5 Defendants to pay $2,100,000 to create a common fund that will be used to pay settlement

6 awards to Participating Settlement Class Members after deducting Court-approved service

7 awards for Plaintiffs, settlement administration costs, and attorneys' fees and costs. This

8 common fund is more than 74 percent of Settlement Class Members' actual damages when

9 assuming ten hours of compensable worktime for any day spent in quarantine.

10

The proposed settlement is a favorable result for the Settlement Class; is fair, reasonable,

11 and adequate under this Circuit's standards; and warrants Court approval. Accordingly, Plaintiffs

12 respectfully ask the Court to: (1) grant preliminary approval of the settlement; (2) approve the

13 proposed notice plan; and (3) schedule the final fairness hearing and related dates.[1]

14

## II.   BACKGROUND

15 **A.    Background and procedural history**

16

Plaintiffs filed their class and collective action complaint against Defendants OBI

17 Seafoods and Ocean Beauty Seafoods in King County Superior Court on May 28, 2021, alleging

18 Defendants delayed wage payments and underpaid wages during periods of COVID-19

19 quarantine. ECF No. 1-1. Defendants removed to this Court on June 30, 2021. ECF No. 1. The

20 parties engaged in extensive and hard-fought motion practice, including motions to change

21 venue, to certify a question to the Alaska Supreme Court, to compel discovery, to certify the

22 classes and collective, and for partial summary judgment. Declaration of Toby J. Marshall

23 (Marshall Decl.) ¶ 9. The Court granted conditional certification of the FLSA collective on

24 March 28, 2022, ECF No. 43, and certified the Pay Delay and Quarantine Classes on September

25 9, 2022, ECF No. 135.

26

27 _____
[1] Defendants do not oppose approval but reserve the right to seek revisions to the notice form in their response brief.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The parties actively pursued discovery throughout this litigation, serving on each other multiple sets of interrogatories and requests for production. Marshall Decl. ¶ 10. Plaintiffs also served requests for admission. *Id*. Depositions were taken of both Plaintiffs, both Defendants, and one of OBI's managers, and the parties issued multiple subpoenas to third parties, including Icicle Seafoods. *Id*. Overall, more than 72,000 pages of documents and data were produced, including policy documents, class lists, email correspondence, and Class members' timekeeping and payroll records. *Id*.

By the time the parties began settlement negotiations, they understood the strengths and weaknesses of their claims and defenses and the potential range of classwide damages. *Id*. ¶ 11. The parties participated in one all-day mediation before experienced mediator John Cooper on February 12, 2024, and another half-day mediation with Mr. Cooper on February 26. *Id*. After further negotiations through Mr. Cooper over the following weeks, the parties reached an agreement on the material terms of the settlement, which are memorialized in a Settlement Agreement the parties finalized on May 10, 2024. *Id*., Ex. 1 ("Agreement").[2] The parties will work to execute the agreement in the coming days and will file an executed copy with the Court before notice is sent to Settlement Class Members. *Id*. Plaintiffs believe the settlement to be fair, adequate, reasonable, and in the best interests of the Settlement Class. *Id*. ¶ 12. At all times, the parties conducted settlement negotiations in good faith and at arm's length. *Id*. ¶ 13.

**B.    Settlement terms.**

The proposed Settlement Agreement is attached as Exhibit 1 to the Marshall Declaration.

1.    The Settlement Class.

The Settlement Class comprises all members of the FLSA collective and the Quarantine and Pay Delay Classes, which were certified by this Court:

---

[2] All exhibits are attached to the Declaration of Toby J. Marshall, unless otherwise indicated.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

FLSA Collective: "All current or former employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC who at any time after May 2018 were hired to perform fish processing work and were paid at greater intervals than biweekly" who filed an opt-in form.

Quarantine Class: "All current or former employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC who were hired to perform fish processing work and, after December 2019, were subject to a mandatory quarantine period during which they were paid less than the minimum wage rate multiplied by eight or more hours for each day spent in quarantine."

Pay Delay Class: "All current or former employees of OBI Seafoods LLC and/or Ocean Beauty Seafoods LLC who at any time after May 2019 were hired to perform fish processing work and were paid at greater intervals than biweekly."

Agreement §§ E, F, W.

> 2.     Monetary relief.

Defendants have agreed to settle this lawsuit for a payment of $2,100,000. *Id.* § Y. This amount is more than 74 percent of the actual damages of Settlement Class Members, assuming ten hours of compensable worktime for any day spent in quarantine. Marshall Decl. ¶ 14. The common fund shall be used to pay settlement payments to Participating Settlement Class Members after all Court-approved service awards to Plaintiffs, settlement administration expenses, and attorneys' fees and costs have been deducted (the Net Settlement Class Fund). Agreement § Y. Defendants are separately responsible for payment of the employer share of payroll taxes associated with back wage payments. *Id.* § 7.F.

> a.     *Settlement awards.*

Each Participating Settlement Class Member will receive a payment by check or direct deposit (if available) for their proportional share of the Net Settlement Class Fund, less employee-side payroll taxes associated with the wage portion, which the settlement administrator will withhold and pay to the appropriate taxing authority. *Id.* § 7.F. The amount of each Participating Settlement Class Member's share will be based on the total damages calculated by Plaintiffs' expert, who analyzed Defendants' hours and payroll data. *Id.* § N. Plaintiffs estimate

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:21-cv-00884-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    the average Settlement Award will exceed $536 and that the highest Settlement Award will

2    exceed $3,144. Marshall Decl. ¶ 14.

3         The settlement is non-reversionary. Agreement § 7. If enough funds remain from

4    uncashed checks 180 days after the first distribution to pay for administration of a second round

5    of payments, the administrator will send a second check or direct deposit to those who already

6    cashed their first check or successfully received a direct deposit. *Id*. § 7.J. If the remaining funds

7    are insufficient for a second distribution or if funds remain after a second distribution, the parties

8    request that those funds be disbursed to the Legal Foundation of Washington (LFW) as the sole

9    *cy pres* beneficiary. *Id.* A "cy pres remedy must account for the nature of the plaintiffs' lawsuit,

10   the objectives of the underlying statutes, and the interests of the silent class members. . . ." *Lane*

11   *v. Facebook, Inc.*, 696 F3d 811, 820–21 (9th Cir. 2012) (quotations omitted). LFW distributes

12   funds to legal aid organizations across Washington, including workers' rights organizations, to

13   achieve equal civil justice for low-income individuals. *See* www.legalfoundation.org. The *cy*

14   *pres* award will benefit the interest of the Participating Settlement Class Members affected by the

15   employment practices at issue here.

16            *b.*    *Service awards.*

17        Plaintiffs intend to request Court approval of services awards of $10,000 each. Service

18   awards "are fairly typical in class action cases" and promote the public policy of encouraging

19   individuals to undertake the responsibility of representative lawsuits. *Rodriguez v. W. Publ'g*

20   *Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). The factors courts consider include the class

21   representative's actions to protect the interests of the class, the degree to which the class has

22   benefitted from those actions, the time and effort the class representative expended in pursuing

23   the litigation, and any risk the class representative assumed. *Staton v. Boeing Co.*, 327 F.3d 938,

24   977 (9th Cir. 2003). Plaintiffs dedicated significant time assisting Class Counsel in this case

25   during the last three years. Marshall Decl. ¶ 15. The requested awards are reasonable and in line

26   with awards approved by federal courts in Washington and elsewhere. *See Hall v. L-3 Commc'ns*

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    *Corp.*, 2019 WL 3845460, at *4 (E.D. Wash. Aug. 2, 2019) (approving $20,000 service award);

2    *In re Nat'l Collegiate Athletic Ass'n*, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017)

3    (awarding $20,000 incentive awards to each of four class representatives and collecting cases

4    approving similar awards); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9

5    (W.D. Wash. 2009) (collecting decisions approving awards up to $40,000).

6                    *c.    Settlement administration expenses.*

7            Class Counsel will request an award to the settlement administrator for expenses incurred

8    to, *inter alia*, send notice, respond to Settlement Class Member inquiries, and issue payments.

9    Agreement § 7.C. The parties anticipate administration costs will not exceed $35,000, but this

10   may change depending on any requirements that will have to be met to issue payments to people

11   in certain countries. Marshall Decl. ¶ 16.

12                   *d.    Attorneys' fees and costs payment.*

13           Class Counsel will request approval of $630,000 in attorneys' fees, which is 30 percent of

14   the common fund and far less than counsel's lodestar, plus up to $95,000 in out-of-pocket costs.

15   Marshall Decl. ¶ 17; Kenworthey Decl. ¶ 17. In accordance with *In re Mercury Interactive Corp.*

16   *Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Class Counsel will file their fee petition at least

17   fourteen days before the deadline for Settlement Class Members to object. Class Counsel will

18   promptly post the fee petition and motion for final approval to the settlement website. Marshall

19   Decl. ¶ 18.

20           3.    <u>Release.</u>

21           The release is appropriately tailored to Plaintiffs' claims. In exchange for the benefits

22   provided by the settlement, Participating Settlement Class Members will release only the claims

23   that were or could have been asserted based on the facts in this case. Agreement § 2. In addition,

24   Plaintiffs will release, only for themselves, all claims they may have against Defendants. *Id.*

25

26

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

4.      Notice plan.

The Notice Plan requires the administrator to send notice to the Settlement Class by first-class mail and email (if known) within thirty days of preliminary approval. *Id.* § 3.C. Before sending notice, the administrator will perform normal and customary address updates and verifications as necessary. *Id.*  The administrator will also establish and maintain a settlement website with key documents and a toll-free telephone number for Settlement Class Members to obtain more information. *Id.* § 3.C.; Marshall Decl. ¶ 19. Settlement Class Members will have thirty days from the date the notice is mailed to submit objections. Agreement § 3.F.

## III.    ARGUMENT AND AUTHORITY

A district court should direct notice of a proposed settlement to class members who would be bound by it if the parties show the court will likely be able to approve the proposed settlement and certify the class for purposes of judgment. Fed. R. Civ. P. 23(e)(1). Notice of the proposed settlement is warranted here.

**A.    The Court should preliminarily approve the proposed settlement.**

The court's role at the preliminary approval stage is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted); *see also In re Online DVD-Rental*, 779 F.3d 934, 944 (9th Cir. 2015).[3]

Under Rule 23(e)(2), a district court considers whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to

---

[3] The Court plays a similar role in reviewing settlement of FLSA claims. Plaintiffs will seek that approval in the motion for final approval.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) the

2  proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

3          These factors are similar to those previously identified by the Ninth Circuit, including:

4  (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of

5  further litigation; (3) the risk of maintaining class action status through trial; (4) the amount

6  offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6)

7  the experience and views of counsel; (7) the presence of a governmental participant; and (8) the

8  reaction of the class members to the proposed settlement. *See In re Bluetooth Headset Prods.*

9  *Liab. Litig*., 654 F.3d 935, 946 (9th Cir. 2011).

10          1.      The settlement is the result of arm's-length, non-collusive negotiations.

11          The parties negotiated the settlement at arm's length during one all-day mediation and

12  another half-day mediation, both before an experienced mediator and continued those

13  negotiations via email and telephone for more than two months after. Marshall Decl. ¶ 20.

14  "Arm's length negotiations conducted by competent counsel constitute prima facie evidence of

15  fair settlements." *Ikuseghan v. Multicare Health Sys*., 2016 WL 3976569, *3 (W.D. Wash. July

16  25, 2016); *see also Ruch v. AM Retail Group, Inc*., 2016 WL 1161453, at *11 (N.D. Cal. Mar.

17  24, 2016) (holding that the "process by which the parties reached their settlement," which

18  included "formal mediation . . . weigh[ed] in favor of preliminary approval").

19          Class Counsel negotiated the settlement with a solid understanding of the facts and law of

20  this case. Marshall Decl. ¶ 21; Kenworthey Decl. ¶ 18. Class Counsel also have extensive

21  experience litigating and settling wage and hour class actions. Marshall Decl. ¶¶ 2–8;

22  Kenworthey Decl. ¶¶ 7–9. They believe the settlement is fair, reasonable, adequate, and in the

23  best interest of the Settlement Class as a whole. Marshall Decl. ¶ 12; Kenworthey Decl. ¶ 19.

24  The recommendation of experienced counsel weighs in favor of granting approval and creates a

25  presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257

26  (N.D. Cal. 2015).

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:21-cv-00884-MJP

2.     <u>The settlement is adequate considering the strengths of the case and the risks, costs, and delays of trial and appeal.</u>

Defendants' agreement to pay $2,100,000 to settle this case is more than adequate given the risks and delays of continued litigation. This common fund is more than 74 percent of the actual damages of Settlement Class Members, assuming ten hours of compensable worktime for any day spent in quarantine. Marshall Decl. ¶ 14. If the proposed Court-approved awards of attorneys' fees and expenses, settlement administration costs, and service awards are approved, the net fund remaining will result in Settlement Class members recovering 47 percent of their actual damages. *Id*. This result exceeds those approved by other courts. *See, e.g., Rodriguez*, 563 F.3d at 965 (affirming approval of settlement resulting in recovery of 30% of estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of settlement with estimated gross worth of 1/6 to 1/2 of class members' estimated loss); *Van Kempen v. Matheson Tri-Gas, Inc*., No. 15-CV-00660-HSG, 2017 WL 3670787, at *5 (N.D. Cal. Aug. 25, 2017) (approving settlement of wage and hour class action resulting in payment of 54% of potential recovery); *Bellinghausen*, 306 F.R.D. at 257 (approving settlement that recovered between 25.4% and 8.5% of defendant's potential liability in wage and hour suit).

Plaintiffs are confident in the strength of their case but also pragmatic about the risks they faced. The claims were relatively novel, and there was very little authority to instruct Plaintiffs on the likelihood of victory at summary judgment or trial. Given the unprecedented nature of the COVID-19 pandemic and the determination by a court in the District of Alaska that quarantine time was not compensable as work, *Flaherty v. Kanaway Seafoods, Inc.*, Case No. 3:22-cv-00155 (D. Alaska 2022), Plaintiffs understood their quarantine claim to involve substantial risk on liability. And even if Plaintiffs could establish liability, the Court may have found that quarantined workers were only entitled to compensation for eight hours per day and not the twenty-four hours per day Plaintiffs argued. Such a finding would have drastically limited the damages recoverable, given that the $75-per-day stipend Defendants already paid would have covered most of the minimum wages due.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Litigating this case to trial and through any appeals would be risky, expensive, and time-consuming for both parties. The settlement, by contrast, provides prompt and certain relief for Participating Settlement Class Members. *See Rodriguez*, 563 F.3d at 966; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004). The possibility that Class members could end up recovering nothing at all was significant enough to convince Plaintiffs and Class Counsel that settlement outweighs the gamble and expense of further litigation.

3.    Counsel are well informed and support the settlement.

"A key inquiry is whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Business Lenders*, Case No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016); *see also In re Mego Fin. Corp. Sec. Litig*., 213 F.3d at 459. The answer here is yes. The parties engaged in extensive discovery for more than two years, including: (1) interviewing Class members; (2) obtaining, reviewing, and analyzing thousands of documents, timekeeping and payroll data, emails, and other information concerning the composition of the Classes and FLSA Collective, the merits of Plaintiffs' claims and Defendants' defenses, and the potential damages; (3) taking and defending several depositions, including a two-part Rule 30(b)(6) deposition of Defendants' former CFO and depositions of OBI's Human Resources Director and both Plaintiffs; and (4) damages expert discovery. Plaintiffs were well equipped to assess the strength of their claims, the potential range of damages incurred by the class, and the risks of continued litigation. Marshall Decl. ¶ 22.

4.    The settlement fund will be distributed fairly.

Settlement funds will be allocated to Participating Settlement Class Members in a manner that is fair and reasonable. *See, e.g., Gehrich v. Chase Bank USA, N.A*., 316 F.R.D. 215, 225 (N.D. Ill. 2015). Each Participating Settlement Class Member's share will be a proportional amount based on the sum of all participants' estimated damages. These amounts are based on

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiffs' expert's calculation of the hours Class members worked, the number of days spent in quarantine (with an assumption of 10 work hours per day), and the length of delay in wage payments found in Defendants' wage and hour data, along with Plaintiffs' reasonable assumptions.

       5.    <u>Settlement Class Members' reaction to the settlement.</u>

Settlement Class Members have not yet had an opportunity to react to the proposed settlement because notice has not yet gone out. Plaintiffs will provide the Court with information about Settlement Class Members' reaction in their motion for final approval.

**B.**    **The proposed attorneys' fees and costs payment is reasonable.**

Class Counsel will request payment of attorneys' fees of $630,000, which is 30 percent of the common fund. This amount is intended to compensate Class Counsel for the work performed on behalf of the Settlement Class and the work yet to be performed. Where counsel seek fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier." *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003). Class Counsel's requested fee is reasonable under either approach.

In Ninth Circuit common fund cases, the "benchmark" award is 25 percent of the recovery obtained. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). But courts may adjust this figure upwards if the record shows "special circumstances justifying the departure." *In re Bluetooth*, 654 F.3d at 942. Class Counsel are requesting 30 percent of the common fund in light of the results achieved, the risks involved in the litigation, the skill required and quality of work by counsel, the contingent nature of the fee, and the lodestar crosscheck, which will show a negative multiplier. Marshall Decl. ¶ 17; Kenworthey Decl. ¶ 17.

The Court need not rule on the fee request at this time, as "it is not appropriate to deny preliminary approval of a class action settlement because of a request for attorneys' fees—a matter on which the Court will rule in the final approval process." *Schofield v. Delta Air Lines,*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:21-cv-00884-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    *Inc.*, 2019 WL 955288, at *7 (N.D. Cal. Feb. 27, 2019). Accordingly, Plaintiffs will fully support

2    their fee request in the motion for final approval.

3            Class Counsel have also incurred more than $90,000 in out-of-pocket expenses. Marshall

4    Decl. ¶ 17; Kenworthey Decl. ¶ 17. These expenses include filing fees, expert witness fees,

5    copying and mailing expenses, computer legal research expenses, and court reporter fees, all of

6    which were necessary to secure the resolution of this litigation. Marshall Decl. ¶ 17; *Harris v.*

7    *Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Thus, reimbursement is reasonable.

8            Class Counsel will file a fee petition detailing their work on behalf of the Settlement

9    Class and the basis for the fee and cost request no later than fourteen days before the deadline for

10   objections. The motion will be available for Settlement Class Members to review on the

11   settlement website, and Counsel will provide a copy to any Settlement Class Member who

12   requests it. Marshall Decl. ¶ 18. Thus, Settlement Class Members will have a reasonable

13   opportunity to respond to the motion.

14   **C.     The proposed notice program is constitutionally sound.**

15           Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

16   members who would be bound by" a proposed settlement. Class members are entitled to the

17   "best notice that is practicable under the circumstances" of any proposed settlement before it is

18   finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23(c)(2)(B) "notice may

19   be by one or more of the following: United States mail, electronic means, or other appropriate

20   means." To comply with due process, notice must be "the best notice practicable under the

21   circumstances, including individual notice to all members who can be identified through

22   reasonable effort." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The notice

23   prescribed by the Settlement Agreement satisfies these requirements. Agreement § 3.C. Under

24   the Agreement, notice will be sent via mail and email (if known) within thirty days after

25   preliminary approval and only after the administrator performs address updates and verifications.

26   *Id*.

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 11
CASE NO. 2:21-cv-00884-MJP

In addition to notice by mail and email, the administrator will maintain a settlement website containing the notice and other key documents. Marshall Decl. ¶ 19. The administrator will also provide a toll-free number Settlement Class Members can call for additional information, and Class Counsel will be available by phone and email to answer questions. *Id.*

The proposed settlement notice uses plain language so it will be easy to understand. It includes key information about the settlement, including the deadline to object or opt out of the settlement, the date of the final approval hearing, and that the hearing date may change without further notice. The notice states the amount Class Counsel will request for attorneys' fees and costs payments and the amount Plaintiffs will request for service awards. Agreement, Ex. A. The notice also directs Settlement Class Members to the settlement website for further information and provides contact information for the administrator and Class Counsel to answer questions. *Id.*

Settlement Class members will have 30 days from the date notice is first mailed to submit objections and exclusion requests. Agreement § 3.F.

**D.    The proposed schedule for final approval.**

Plaintiffs propose the following schedule for final approval:[4]

| ACTION | DATE |
|---|---|
| Preliminary approval order entered. | At the Court's discretion. |
| Deadline for the administrator to mail class notice. | 30 days after entry of preliminary approval order. |
| Deadline for Plaintiffs to file motion for final approval and attorneys' fees and costs. | 14 days before objection deadline. |
| Deadline for objections. | 30 days after deadline for the administrator to mail class notice. |
| Deadline for responses to objections. | 30 days after deadline for objections. |

---

[4] An estimated settlement timetable containing all deadlines and milestones throughout the approval and administration process is contained in the Settlement Agreement. *Id.* § 8.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 12
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| Final approval hearing. | At the Court's discretion, but no earlier than 120 days after entry of preliminary approval order. |
|---|---|
| Final approval order entered. | At the Court's discretion. |

## IV.    CONCLUSION

Plaintiffs respectfully ask the Court to: (1) grant preliminary approval of the settlement; (2) approve the proposed notice plan; and (3) schedule the final fairness hearing and related dates.

RESPECTFULLY SUBMITTED AND DATED this 10th day of May, 2024.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 4,081 words in compliance with the Local Civil Rules.*

By: /s/Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    Ryan Tack-Hooper, WSBA #56423
    Email: rtack-hooper@terrellmarshall.com
    Eric R. Nusser, WSBA #51513
    Email: eric@terrellmarshall.com
    Jasmin Rezaie-Tirabadi, WSBA #60285
    Email: jrezaie@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603

    Tamara Kenworthey, *Admitted Pro Hac Vice*
    Email: tkenworthey@kenwortheylaw.com
    KENWORTHEY LAW PLLC
    137 Fifth Avenue, 9th Floor
    New York, New York 10010
    Telephone: (718) 344-5746

    *Attorneys for Plaintiffs*