THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8

MARIJA PAUNOVIC and DUSAN
PAUNOVIC, individually and on behalf of all
others similarly situated,

NO. 2:21-cv-00884-MJP

9

Plaintiffs,

**PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND
ATTORNEYS' FEES AND COSTS**

10

v.

11

12

OBI SEAFOODS LLC, an Alaska corporation,
and OCEAN BEAUTY SEAFOODS LLC, an
Alaska corporation,

**NOTED FOR CONSIDERATION:**
DECEMBER 3, 2024

13

14

Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................1

        A.      Procedural history ................................................................................1

        B.      Settlement negotiations and agreement ...............................................2

        C.      The Court granted preliminary approval of the settlement.................3

        D.      Settlement administrator Simpluris has successfully implemented the
                notice program ....................................................................................3

III.    ARGUMENT ......................................................................................................4

        A.      Plaintiffs and Class Counsel have adequately represented the Class .................5

        B.      The settlement is the result of arm's-length, non-collusive negotiations ..........5

        C.      The relief provided for the Settlement Class is adequate ....................................6

                1.      The costs, risks, and delay of trial and appeal ........................................6

                2.      The settlement funds will be distributed pro rata to Settlement
                        Class Members ........................................................................................8

        D.      The reaction of the Class to date is positive ....................................................8

        E.      The Court-ordered notice program is constitutionally sound ...........................9

        F.      Class Counsel's request for attorneys' fees is reasonable and should be
                awarded ...............................................................................................................9

                1.      Class Counsel's requested fee is reasonable under the percentage-
                        of-the-fund method ..............................................................................10

                        a.      Class Counsel achieved an excellent result for the Class .........11

                        b.      Class Counsel litigated the case on a contingency basis and
                                assumed a significant risk of no recovery................................11

                        c.      Class Counsel demonstrated skill and quality of work............12

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - i
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

2.    A lodestar "cross-check" confirms that the requested fee award is reasonable ........................................................................... 13

a.    Class Counsel's hours are reasonable ...................................... 14

b.    Class Counsel request reasonable hourly rates ........................ 14

c.    Class Counsel's requested fee reflects a "negative" multiplier on their lodestar ....................................................... 15

G.    Class Counsel request reimbursement of litigation costs that would be charged to a paying client .................................................................. 16

H.    Class Counsel's requested service awards for Plaintiffs should be approved ................................................................................................ 17

IV.    CONCLUSION ............................................................................................... 18

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - ii
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF AUTHORITIES</u>

**Page**

### FEDERAL CASES

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)..................................................................................................9

*Baker v. SeaWorld Ent., Inc.*,
  2020 WL 4260712 (S.D. Cal. July 24, 2020) ...................................................8

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015)........................................................6, 7, 11

*Blum v. Stenson*,
  465 U.S. 886 (1984)..............................................................................................14

*Carideo v. Dell, Inc.*,
  No. 06-cv-01772, ECF No. 162 (W.D. Wash. Dec. 17, 2010) ....................15

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ..........................................................................5

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
  No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016) ...........16

*Costa v. Comm'r of Soc. Sec. Admin.*,
  690 F.3d 1132 (9th Cir. 2012) ........................................................................13

*Dennings v. Clearwire Corp*,
  2013 WL 1858797 (W.D. Wash. May 3, 2013).............................................15

*Destefano v. Zynga, Inc.*,
  No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ...........12, 13

*Farrell v. Bank of Am. Corp., N.A.*,
  827 F. App'x 628 (9th Cir. 2020) ...................................................................13

*Flaherty v. Kanaway Seafoods, Inc.*,
  Case No. 3:22-cv-00155 (D. Alaska 2022)....................................................7

*Fossett v. Brady Corp.*,
  2021 WL 2273723 (C.D. Cal. Mar. 23, 2021)...............................................8

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2015)........................................................................8

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - iii
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Ginzkey v. Nat'l Sec. Corp.*,
No. C18-1773 RSM, 2022 WL 16699092 (W.D. Wash. Nov. 3, 2022).......................10

*Glass v. UBS Fin. Servs.*,
331 F. App'x 452 (9th Cir. 2009) .................................................................................13

*Gutierrez v. Amplify Energy Corp.*,
No. 8:21-CV-01628, 2023 WL 6370233 (C.D. Cal. Sept. 14, 2023) ...........................14

*Hall v. L-3 Commc'ns Corp.*,
2019 WL 3845460 (E.D. Wash. Aug. 2, 2019) ............................................................18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .....................................................................................10

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ...........................................................................................16

*Hartman v. Comcast Bus. Commc'ns, LLC*,
No. 10-0413, ECF No. 106 (W.D. Wash. Dec. 8, 2011) ..............................................15

*Hopkins v. Stryker Sales Corp.*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013)....................16, 17

*Ikuseghan v. Multicare Health Sys.*,
2016 WL 3976569 (W.D. Wash. July 25, 2016) ............................................................6

*In re Austrian & German Bank Holocaust Litig.*,
80 F. Supp. 2d 164 (S.D.N.Y. 2000)..............................................................................8

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..........................................................................5, 10, 14

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .....................................................................................7, 11

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) .......................................................................................10

*In re Nat'l Collegiate Athletic Ass'n*,
2017 WL 6040065 (N.D. Cal. Dec. 6, 2017)................................................................18

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................................................................12

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - iv
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) .................................................................11, 17

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
  895 F.3d 597 (9th Cir. 2018) ...................................................................5

*In re Wash. Public Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ...................................................................12

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989)...................................................................................15

*Jenson v. First Trust Corp.*,
  No. CV 05–3124, 2008 WL 11338161 (C.D. Cal. June 9, 2008)................................11

*Lofton v. Verizon Wireless (VAW) LLC*,
  No. C 13-05665 YGR, 2016 WL 7985253 (N.D. Cal. May 27, 2016)..................12, 13

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008) ...................................................................13

*Morgan v. Childtime Childcare, Inc.*,
  2020 WL 218515 (C.D. Cal. Jan. 6, 2020) ....................................................8

*Morris v. FPI Mgmt., Inc.*,
  No. 2:19-CV-0128-TOR, 2022 WL 3013076 (E.D. Wash. Feb. 3, 2022)....................13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................7, 8

*Pelletz v. Weyerhaeuser Co.*,
  592 F. Supp. 2d 1322 (W.D. Wash. 2009)....................................................18

*Radcliffe v. Experian Info. Solutions, Inc.*,
  715 F.3d 1157 (9th Cir. 2013) ...................................................................17

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) .............................................................7, 11, 17

*Ruch v. AM Retail Group, Inc.*,
  2016 WL 1161453 (N.D. Cal. Mar. 24, 2016).............................................6

*Shannon v. Sherwood Mgt Co., Inc.*,
  2020 WL 5891587 (S.D. Cal. Oct. 5, 2020) ...............................................16

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - v
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...........................................................................10, 17

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007)...........................................................................16

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) ......................................................................................14

*Van Kempen v. Matheson Tri-Gas, Inc.*,
    No. 15-CV-00660-HSG, 2017 WL 3670787 (N.D. Cal. Aug. 25, 2017)................7, 11

*Van Skike v. Dir., Office of Workers' Comp. Programs*,
    557 F.3d 1041 (2009)..........................................................................................14, 16

*Vizcaino v. Microsoft*,
    290 F.3d 1043 (9th Cir. 2002) .......................................................................10, 11, 13

**STATE CASES**

*Barnett v. Wal-Mart Stores, Inc.*,
    No. 01-2-24553-8 (King Cnty. Super. Ct. July 20, 2009) ...........................................15

*Splater v. Thermal Ease Hydronic Systems, Inc.*,
    No. 03-2-33553-3 (King Cnty. Super. Ct. July 31, 2009) ...........................................15

**FEDERAL RULES**

Fed. R. Civ. P. 23 .............................................................................................................4

Fed. R. Civ. P. 23(b) .........................................................................................................5

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................9

Fed. R. Civ. P. 23(e) .......................................................................................................10

Fed. R. Civ. P. 23(e)(1) .....................................................................................................9

Fed. R. Civ. P. 23(e)(2) .....................................................................................................4

Fed. R. Civ. P. 23(e)(2)(D) ................................................................................................8

Fed. R. Civ. P. 23(e)(3).......................................................................................................4

Fed. R. Civ. P. 23(h) .......................................................................................................10

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - vi
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I.    INTRODUCTION

Plaintiffs Marija Paunovic and Dusan Paunovic respectfully request the Court grant final approval of the class action settlement they reached with Defendants OBI Seafoods and Ocean Beauty Seafoods. The settlement, if approved, resolves claims arising out of violations of Alaska's Wage and Hour Act (AWHA) and the Fair Labor Standards Act (FLSA). The settlement will create a fund of $2,100,000 and will bring relief to more than 2,300 Class Members.

The proposed settlement is a favorable result for Class Members, is fair, reasonable, and adequate under the standards in this Circuit, and warrants approval by the Court. Accordingly, Plaintiffs respectfully ask the Court to enter an order: (1) approving the Settlement Agreement as fair, reasonable, and adequate; (2) determining that adequate notice was provided to Class Members; (3) granting Class Counsel $630,000 in attorneys' fees and up to $100,000 in costs; (4) approving the requested service payments to Plaintiffs of $10,000 each; (5) approving settlement administration costs of up to $32,000; and (6) dismissing this action with prejudice.

# II.    BACKGROUND

## A.    Procedural history.

Plaintiffs filed their class and collective action complaint against Defendants OBI Seafoods and Ocean Beauty Seafoods in King County Superior Court on May 28, 2021, alleging Defendants delayed wage payments and underpaid wages during periods of COVID-19 quarantine. ECF No. 1-1. Defendants removed to this Court on June 30, 2021. ECF No. 1. The parties engaged in extensive and hard-fought motion practice, including motions to change venue, to certify a question to the Alaska Supreme Court, to compel discovery, to certify the classes and collective, and for partial summary judgment. Declaration of Toby J. Marshall (Marshall Decl.) ¶ 9. The Court granted conditional certification of the FLSA collective on March 28, 2022, ECF No. 43, and certified the Pay Delay and Quarantine Classes on September 9, 2022, ECF No. 135.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 1
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The parties actively pursued discovery throughout this litigation, serving multiple sets of interrogatories and requests for production, and Plaintiffs served requests for admission. Marshall Decl. ¶ 10. Depositions were taken of both Plaintiffs, both Defendants, and one of OBI's managers, and the parties issued multiple subpoenas to third parties, including Icicle Seafoods. *Id*. Overall, more than 72,000 pages of documents and data were produced, including policy documents, class lists, email correspondence, and Class Members' timekeeping and payroll records. *Id*. By the time the parties began settlement negotiations, they understood the strengths and weaknesses of their claims and defenses and the potential range of classwide damages. *Id*. ¶ 11.

**B.    Settlement negotiations and agreement.**

The parties participated in one all-day mediation before experienced mediator John Cooper on February 12, 2024, and another half-day mediation with Mr. Cooper on February 26. *Id*. After further negotiations through Mr. Cooper over the following weeks, the parties reached an agreement on the material terms of the settlement, which are memorialized in a Settlement Agreement the parties finalized on May 10, 2024, and executed on May 30, 2024. *See* ECF No. 234-1. Plaintiffs believe the settlement to be fair, adequate, reasonable, and in the best interests of the Settlement Class. *Id*. ¶ 12. At all times, the parties conducted settlement negotiations in good faith and at arm's length. *Id*. ¶ 13.

Defendants have agreed to settle this lawsuit for a payment of $2,100,000. This amount is more than 74 percent of Settlement Class Members' actual damages, assuming ten hours of compensable worktime for any day spent in quarantine. The common fund shall be used to pay settlement payments to Participating Settlement Class Members after all Court-approved service awards to Plaintiffs, settlement administration expenses, and attorneys' fees and costs have been deducted (the Net Settlement Class Fund). The terms of the Settlement Agreement are laid out in more detail in the Motion for Preliminary Approval. *See* ECF No. 228.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 2
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.      The Court granted preliminary approval of the settlement.**

On May 10, 2024, Class Counsel filed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ECF No. 228. While the parties had agreed on key terms of the settlement prior to filing, they were still negotiating the language of the settlement agreement and the proposed settlement notice. The parties finally executed the settlement agreement on May 30, 2024, and Plaintiffs filed their reply in support of preliminary approval that same day. *See* ECF Nos. 233 & 234-1. On June 21, 2024, the Court granted preliminary approval of the settlement and ordered that notice be sent to the Class. ECF No. 235.

**D.      Settlement administrator Simpluris has successfully implemented the notice program.**

In its order granting preliminary approval of the settlement, the Court appointed Settlement Services, Inc. (SSI) to administer the settlement. ECF No. 235 at 2. On July 22, 2024, Plaintiffs filed an unopposed motion to substitute Simpluris in as settlement administrator. ECF No. 237. The Court granted that motion on July 24, 2024, appointing Simpluris as administrator and providing that Simpluris would be paid for administration costs up to its capped bid of $32,000. ECF No. 239.

On July 22, 2024, Simpluris received a list containing the name, last known address, email address, Social Security number, and award amount for 2,476 Class Members. Declaration of Markus Bulthuis (Bulthuis Decl.) ¶ 7. Simpluris processed and updated the list of mailing addresses using the National Change of Address Database ("NCOA"). *Id.* ¶ 8. On August 21, 2024, settlement notices were mailed via First Class Mail to 2,304 Class Members for whom a valid mailing address existed. *Id.* ¶ 9. On the same date, email notice was sent to 971 Class Members for whom Simpluris had a valid email address. *Id.* ¶ 10. As of the filing of this motion, 240 mailed notices were returned as undeliverable. *Id.* ¶ 11. Simpluris attempted to find a forwarding address for these returned notices using Accurint, a research tool owned by LexisNexis, and successfully remailed eleven notices. *Id.* If additional notices are returned as

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 3
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  undeliverable, Simpluris will remail them to any updated addresses provided by the Post Office

2  or located through Accurint. *Id*.

3          Simpluris also established and continues to maintain a settlement-specific website

4  containing notice and contact information, key documents, and a Payment Election Form through

5  which Class Members can submit their account information to receive payment electronically.

6  *Id*. ¶ 5. Simpluris will also post this motion and supporting declarations and exhibits to the

7  website within one business day after filing. *Id*. Simpluris further established and continues to

8  maintain a toll-free telephone number to provide information and answer questions for Class

9  Members. *Id*. ¶ 4.

10                                 **III.    ARGUMENT**

11          Rule 23(e) provides that courts should grant final approval to class action settlements that

12  are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23

13  articulate a four-factor test, the intent of which is to "focus the court and the lawyers on the core

14  concerns of procedure and substance that should guide the decision . . . ." Fed. R. Civ. P.

15  23(e)(2) advisory committee's note to 2018 amendments.

16          Under Rule 23(e)(2), the Court may approve a class action settlement "only after a

17  hearing and only on finding that it is fair, reasonable, and adequate" after considering whether

18  (1) the class representative and class counsel have adequately represented the class; (2) the

19  proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking

20  into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any

21  proposed method of distributing relief to the class, (iii) the terms of any proposed award of

22  attorneys' fees, including timing of payment, and (iv) any agreement required to be identified

23  under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other.

24  Fed. R. Civ. P. 23(e)(2).

25          The factors in Rule 23 are consistent with and embody those previously identified by the

26  Ninth Circuit as guides to determining whether a proposed settlement is fair, reasonable, and

27  adequate. The factors previously discussed by the Ninth Circuit are: (1) the strength of the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 4
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

2   risk of maintaining class action status throughout the trial; (4) the amount offered in settlement;

3   (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and

4   views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class

5   members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566,

6   575–76 (9th Cir. 2004). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the

7   district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the

8   course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel"*

9   *Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

10  **A.    Plaintiffs and Class Counsel have adequately represented the Class.**

11         On September 9, 2022, the Court certified the Class under Rule 23(b). ECF No. 135. In

12  its order granting class certification, the Court found that "Plaintiffs are adequate class

13  representatives." *Id.* at 18. The Court explained that Plaintiffs "[h]ave been involved in the case"

14  and are "willing to travel to the United States for trial," and further found "no antagonistic

15  relationship between Plaintiffs and the classes." *Id.* at 18. The Court also found that "class

16  counsel is adequate to represent the classes" due to their experience with class action litigation

17  and their commitment to prosecuting the case on behalf of the classes. *Id.* at 19.

18         Nothing has changed since the Court's findings. Plaintiffs and Class Counsel have

19  continued to vigorously represent the interests of the class and have no conflicts of interest with

20  Class Members. They achieved an excellent result on behalf of the class.

21  **B.    The settlement is the result of arm's-length, non-collusive negotiations.**

22         When determining whether a settlement is the product of arm's-length negotiations, a

23  district court must look for "subtle signs that class counsel have allowed pursuit of their own

24  self-interests and that of certain class members to infect the negotiations." *In re Volkswagen*, 895

25  F.3d at 611 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir.

26  2011)).

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 5
CASE NO. 2:21-cv-00884-MJP

The parties negotiated the settlement at arm's length during one all-day mediation and another half-day mediation, both before an experienced mediator and continued those negotiations via email and telephone for more than two months after. Marshall Decl. ¶ 11. "Arm's length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ruch v. AM Retail Group, Inc.*, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) (holding that the "process by which the parties reached their settlement," which included "formal mediation . . . weigh[ed] in favor of preliminary approval").

Class Counsel negotiated the settlement with a solid understanding of the facts and law of this case. Marshall Decl. ¶ 11. Class Counsel also have extensive experience litigating and settling wage and hour class actions. Marshall Decl. ¶¶ 2–8; Kenworthey Decl. ¶¶ 7–9. They believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Marshall Decl. ¶ 12. The recommendation of experienced counsel weighs in favor of granting approval and creates a presumption of reasonableness. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015).

In its preliminary approval order, the Court found that "[t]he Settlement Agreement appears to be the result of informed and arm's-length negotiations between experienced attorneys who are well versed in the legal and factual issues of the case." ECF No. 235 at 2. Again, nothing has changed since the preliminary approval order.

**C.    The relief provided for the Settlement Class is adequate.**

       1.    The costs, risks, and delay of trial and appeal.

Defendants' agreement to pay $2,100,000 to settle this case is more than adequate given the risks and delays of continued litigation. This common fund is more than 74 percent of the actual damages of Settlement Class Members, assuming ten hours of compensable worktime for any day spent in quarantine. Marshall Decl. ¶ 14. If the proposed Court-approved awards of attorneys' fees and expenses, settlement administration costs, and service awards are approved, the net fund remaining will result in Settlement Class Members recovering 47 percent of their

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 6 CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

actual damages. *Id.* This result exceeds those approved by other courts. *See, e.g., Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 965 (9th Cir. 2009) (affirming approval of settlement resulting in recovery of 30% of estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of settlement with estimated gross worth of 1/6 to 1/2 of class members' estimated loss); *Van Kempen v. Matheson Tri-Gas, Inc*., No. 15-CV-00660-HSG, 2017 WL 3670787, at *5 (N.D. Cal. Aug. 25, 2017) (approving settlement of wage and hour class action resulting in payment of 54% of potential recovery); *Bellinghausen*, 306 F.R.D. at 257 (approving settlement that recovered between 25.4% and 8.5% of defendant's potential liability in wage and hour suit).

Plaintiffs are confident in the strength of their case but also pragmatic about the risks they faced. The claims were relatively novel, and there was very little authority to instruct Plaintiffs on the likelihood of victory at summary judgment or trial. Given the unprecedented nature of the COVID-19 pandemic and the determination by a court in the District of Alaska that quarantine time was not compensable as work, *Flaherty v. Kanaway Seafoods, Inc.*, Case No. 3:22-cv-00155 (D. Alaska 2022), Plaintiffs understood their quarantine claim to involve substantial risk on liability. And even if Plaintiffs could establish liability, the Court could have found that quarantined workers were entitled to compensation for only eight hours per day and not the twenty-four hours per day Plaintiffs argued. Such a finding would have drastically limited the damages recoverable, given that the $75-per-day stipend Defendants already paid would have covered most of the minimum wages due.

Litigating this case to trial and through any appeals would be risky, expensive, and time-consuming for both parties. The settlement, by contrast, provides prompt and certain relief for Participating Settlement Class Members. *See Rodriguez*, 563 F.3d at 966; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004). The possibility that Class Members could end up recovering nothing at all was significant enough to convince Plaintiffs and Class Counsel that settlement outweighs the gamble and expense of further litigation.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 7
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.    <u>The settlement funds will be distributed pro rata to Settlement Class Members.</u>

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Class Members equitably relative to each other. Here, settlement funds will be allocated to Participating Settlement Class Members in a manner that is fair and reasonable. *See, e.g., Gehrich v. Chase Bank USA, N.A*., 316 F.R.D. 215, 225 (N.D. Ill. 2015). Each Participating Settlement Class Member's share will be a proportional amount based on the sum of all participants' estimated damages. ECF No. 234-1 § N. These amounts are based on Plaintiffs' expert's calculation of the hours Class members worked, the number of days spent in quarantine (with an assumption of 10 work hours per day), and the length of delay in wage payments found in Defendants' wage and hour data, along with Plaintiffs' reasonable assumptions. Marshall Decl. ¶ 14. Plaintiffs estimate the average Settlement Award will exceed $536 and that the highest Settlement Award will exceed $3,144. *Id.*

**D.    The reaction of the Class to date is positive.**

"[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." *Fossett v. Brady Corp.*, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 529 (C.D. Cal. 2004)). The absence of many objectors supports the fairness, reasonableness, and adequacy of the settlement. *See Baker v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citations omitted).

As of September 6, 2024, sixteen days after Notices of Settlement were sent to Class Members, settlement administrator Simpluris has not received any opt-out requests or objections. Bulthuis Decl. ¶¶ 12 & 13. *See Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020) ("Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus finds the settlement is fair, reasonable, and adequate."). The deadline

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 8
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

for Class Members to submit any opt-out requests or objections is October 7. Plaintiffs will supplement their motion for final approval no later than October 28, updating the Court on the final number of opt-outs and objections.

**E.    The Court-ordered notice program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); Fed. R. Civ. P. 23(c)(2)(B).

The notice program consisted of multiple components, which included mailing settlement notices to Class Members via U.S. Postal Service; emailing notices to Class Members for whom valid email addresses were provided in the class list; establishing and maintaining a settlement website with notice information and key documents; and establishing and maintaining a toll-free telephone line to answer questions and provide information to Class Members. *See* Bulthuis Decl. ¶¶ 3–11. Notice packets were initially mailed and emailed on August 21, 2024. *Id.* ¶¶ 9–10. Out of 2,304 notices mailed, nearly half to international mailing addresses ranging from Serbia to Mexico to Japan, just 240 have been returned as undeliverable. *Id.* ¶ 11. If a Class Member's notice was returned as undeliverable without a forwarding address, Simpluris performed an advanced address search using Accurint (i.e., skip trace) to locate a new address, successfully remailing eleven notices. *Id.* Thus, Simpluris implemented the Court-approved notice plan, successfully mailing notice to 2,075 Class Members, or approximately 84 percent of the Class. *Id*.

**F.    Class Counsel's request for attorneys' fees is reasonable and should be awarded.**

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 9
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Rule 23(h) requires that any class member "be allowed an opportunity to object to the fee motion itself." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010) (internal marks omitted). Class Members have ample time to review and object to counsel's fee request, as Plaintiffs are filing it on September 6, 2024, and will post it to the settlement website within one business day of its filing. Class Members will then have until October 7, 2024—thirty-one days from filing—to object to or opt out of the Settlement.

Class Counsel request payment of attorneys' fees of $630,000, which is 30 percent of the common fund. Where counsel seek fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier." *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003). Class Counsel's requested fee is reasonable under either approach.

      1.    <u>Class Counsel's requested fee is reasonable under the percentage-of-the-fund method.</u>

In Ninth Circuit common fund cases, the "benchmark" award is 25 percent of the recovery obtained. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). But courts may adjust this figure upwards if the record shows "special circumstances justifying the departure." *In re Bluetooth*, 654 F.3d at 942. Courts in this district "typically weigh[ ] five factors in determining what constitutes a reasonable award under the percentage-of-recovery method: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases." *Ginzkey v. Nat'l Sec. Corp.*, No. C18-1773 RSM, 2022 WL 16699092, at *1 (W.D. Wash. Nov. 3, 2022) (citing *Vizcaino v. Microsoft*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). Class Counsel are requesting 30 percent of the common fund in light of the results achieved, the risks involved in the litigation, the skill required and quality of work by counsel,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 10
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the contingent nature of the fee, and the lodestar crosscheck, which will show a negative

multiplier.

> a.     *Class Counsel achieved an excellent result for the Class.*

The $2,100,000 Settlement is an excellent result for the Settlement Class. If the Court

approves the requested notice and administration costs (capped at $32,000), attorneys' fees

($630,000), out-of-pocket litigation costs (up to $100,000), and service awards to the Plaintiffs

($20,000 total), the remainder of the Fund (approximately $1,318,000) will be distributed *pro*

*rata* to Settlement Class Members. Class Members will receive approximately 47% of their

estimated actual damages. This result exceeds those approved by other courts. *See, e.g.,*

*Rodriguez*, 563 F.3d at 965 (affirming approval of settlement resulting in recovery of 30% of

estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)

(affirming approval of settlement with estimated gross worth of 1/6 to 1/2 of class members'

estimated loss); *Van Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2017 WL

3670787, at *5 (N.D. Cal. Aug. 25, 2017) (approving settlement of wage and hour class action

resulting in payment of 54% of potential recovery); *Bellinghausen*, 306 F.R.D. at 257 (approving

settlement that recovered between 25.4% and 8.5% of defendant's potential liability in wage and

hour suit). Thus, this factor weighs in favor of approving Class Counsel's fee request.

> b.     *Class Counsel litigated the case on a contingency basis and assumed a significant risk of no recovery.*

Class Counsel's fee request also reflects that the case was risky and handled on a

contingency basis. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir.

2015); *Vizcaino*, 290 F.3d at 1048; *see also Jenson v. First Trust Corp.*, No. CV 05–3124, 2008

WL 11338161, at *12 (C.D. Cal. June 9, 2008) ("Uncertainty that *any* recovery ultimately would

be obtained is a highly relevant consideration. Indeed, the risks assumed by Counsel, particularly

the risk of non-payment or reimbursement of expenses, is important to determining a proper fee

award." (internal citation omitted)). Class Counsel represented Plaintiffs and the Settlement

Class entirely on a contingent basis, investing more than 2,770 hours and $92,331 in costs over

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 11
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the course of three years. *See* Marshall Decl. ¶¶ 17–24. Courts recognize that "[w]ith respect to the contingent nature of the litigation . . . above-market-value fee awards [are] more appropriate in this context given the need to encourage counsel to take on contingency-fee cases for plaintiffs who otherwise could not afford to pay hourly fees." *Destefano v. Zynga, Inc.,* No. 12-cv-04007-JSC, 2016 WL 537946, at *18 (N.D. Cal. Feb. 11, 2016) (citing *In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)).

Here, recovery was far from certain, especially in light of the novel claims Plaintiffs brought relating to quarantine pay. There was very little authority to instruct Plaintiffs on the likelihood of victory at summary judgment or trial. Given the unprecedented nature of the COVID-19 pandemic, Plaintiffs understood their quarantine claim to involve substantial risk on liability. And even if Plaintiffs could establish liability, the Court could have found that quarantined workers were entitled to compensation for only eight hours per day and not the twenty-four hours per day Plaintiffs argued. Thus, Class Counsel faced a significant risk of no recovery at all. *See Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (awarding fees above the 25% benchmark where, absent settlement, "there would remain a significant risk that the Settlement Class may have recovered less or nothing"); *In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1046–47 (N.D. Cal. 2008) ("The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees."). This factor weighs in favor of approving the requested fee award.

### c.    Class Counsel demonstrated skill and quality of work.

Class Counsel were able to litigate this case efficiently and effectively because of their experience litigating class action cases, including numerous cases involving wage claims under both federal and state law. Marshall Decl. ¶¶ 2–8; Kenworthey Decl. ¶¶ 7–9. Class Counsel relied on their depth of experience with these types of claims and class action litigation to focus their discovery efforts, identify the strengths and weaknesses of Plaintiffs' claims, and negotiate a settlement that capitalized on the strengths of the claims while taking into account the risks of

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 12
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

continued litigation. Class Counsel attained this relief for the Settlement Class even as they faced

the vigorous defense of Defendants' skilled counsel. *See, e.g.*, *Destefano*, 2016 WL 537946, at

*17 ("The quality of opposing counsel is also relevant to the quality and skill that class counsel

provided."); *Lofton*, 2016 WL 7985253, at *1 (the "risks of class litigation against an able

defendant well able to defend itself vigorously" support an upward adjustment in the fee award).

This factor supports the fee request.

       2.    <u>A lodestar "cross-check" confirms that the requested fee award is reasonable.</u>

Because Class Counsel's fee request is reasonable under the percentage-of-the-recovery

method, the Court is not required to conduct a lodestar crosscheck. *See Farrell v. Bank of Am.*

*Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020) ("This Court has consistently refused to

adopt a crosscheck requirement, and we do so once more."). But the Court may use a rough

calculation of the lodestar as a crosscheck to assess the reasonableness of an award based on the

percentage method. *Vizcaino*, 290 F.3d at 1050 ("[W]hile the primary basis of the fee award

remains the percentage method, the lodestar may provide a useful perspective on the

reasonableness of a given percentage award."); *see also Glass v. UBS Fin. Servs.*, 331 F. App'x

452, 456–57 (9th Cir. 2009) (affirming fee award of 25% of a settlement fund with an "informal"

lodestar crosscheck and despite "the relatively low time-commitment by plaintiff's counsel"

because "the district court did not abuse its discretion in giving weight to other factors, such as

the results achieved for the class and the favorable timing of the settlement").

Courts use a two-step process in applying the lodestar method. First, the court calculates

the "lodestar figure" by multiplying the number of hours reasonably expended by a reasonable

rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "The calculation of

reasonable hours and hourly rate is entrusted to the discretion of the court . . . in light of the

court's first-hand contact with the litigation and attorneys involved." *Morris v. FPI Mgmt., Inc.*,

No. 2:19-CV-0128-TOR, 2022 WL 3013076, at *6 (E.D. Wash. Feb. 3, 2022) (citing *Costa v.*

*Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)). Once the lodestar is

determined, courts may adjust the amount to account for several factors, such as the benefit

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 13
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  obtained for the class, the risk of nonpayment, the complexity and novelty of the issues

2  presented, and awards in similar cases. *See In re Bluetooth*, 654 F.3d at 942. "Foremost among

3  these considerations . . . is the benefit obtained for the class." *Id*. "The aim is to 'do rough

4  justice, not to achieve auditing perfection.'" *Gutierrez v. Amplify Energy Corp.*, No. 8:21-CV-

5  01628, 2023 WL 6370233, at *6 (C.D. Cal. Sept. 14, 2023) (citation omitted). This method

6  confirms the propriety of the requested fee here.

7  　　　　　　　*a.　　Class Counsel's hours are reasonable.*

8  　　　　Class Counsel expended a reasonable number of hours litigating this case from its

9  inception through discovery and motion practice and negotiation of the settlement and related

10  briefing. In all, Class Counsel have dedicated more than 2,770 hours to the litigation to date.

11  Marshall Decl. ¶¶ 17 & 21. As in every case, counsel will spend additional hours to see this case

12  through to final resolution, including the work necessary to prepare the motion for final approval,

13  attend the hearing on final approval, and ensure the claims process is properly carried out. *Id*. ¶

14  23.

15  　　　　　　　*b.　　Class Counsel request reasonable hourly rates.*

16  　　　　Class Counsel's hourly rates are also reasonable. In determining a reasonable rate, the

17  court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v.*

18  *Gates*, 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in

19  the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community

20  is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of*

21  *Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted).

22  Thus, in assessing the rates requested by Class Counsel, the Court should look to market rates in

23  the Western District of Washington. Further, the Ninth Circuit has "long . . . recognized that

24  district courts have the discretion to compensate prevailing parties for any delay in the receipt of

25  fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss

26  of the use funds." *Gates*, 987 F.2d at 1406 (affirming award at current rates and collecting

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 14
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    cases); *see also Missouri v. Jenkins by Agyei,* 491 U.S. 274, 284, (1989) (holding § 1988

2    contemplates an adjustment to current rates to account for delay in payment).

3          Class Counsel are experienced, highly regarded members of the bar with extensive

4    expertise in class actions and other complex litigation involving claims like those at issue here,

5    and they have provided the Court with declarations describing their background and experience.

6    Marshall Decl. ¶¶ 2–8; Kenworthey Decl. ¶¶ 7–9. Class Counsel set their rates for attorneys and

7    staff members based on a variety of factors, including the experience, skill, and sophistication

8    required for the types of legal services performed, the rates customarily charged in the markets

9    where legal services are typically performed, and the experience, reputation, and ability of the

10   attorneys and staff members. Marshall Decl. ¶ 19. Class Counsel's requested rates for attorneys

11   range from $275 for Ms. Rezaie-Tirabadi to $575 for Mr. Marshall and from $125 to $195 for

12   paralegals and support staff. *Id.* ¶ 21. These rates are well in line with rates that have historically

13   been approved in this district and legal community. *See, e.g., Carideo v. Dell, Inc.*, No. 06-cv-

14   01772, ECF No. 162 (W.D. Wash. Dec. 17, 2010) (approving as reasonable a fee petition which

15   included rates ranging from $175 to $600); *Barnett v. Wal-Mart Stores, Inc.*, No. 01-2-24553-8

16   (King Cnty. Super. Ct. July 20, 2009) (approving fee request based on rates ranging from $100 to

17   $760); *Splater v. Thermal Ease Hydronic Systems, Inc.*, No. 03-2-33553-3 (King Cnty. Super.

18   Ct. July 31, 2009) (approving fee request based on rates ranging from $100 to $760); *Hartman v.*

19   *Comcast Bus. Commc'ns, LLC*, No. 10-0413, ECF No. 106 (W.D. Wash. Dec. 8, 2011)

20   (approving fee request based on rates ranging from $180 to $650).

21         This case demanded litigators with Class Counsel's skill and experience and precluded

22   work on other matters, and Class Counsel obtained excellent results for the Class. Thus, Class

23   Counsel's requested rates are reasonable.

24              c.    *Class Counsel's requested fee reflects a "negative" multiplier on their*
                     *lodestar.*
25

26         Class Counsel seek an award of $630,000 in fees and costs. Thus, the fee Class Counsel

27   seeks reflects a "negative" multiplier of 0.579 on their total lodestar incurred ($630,000 ÷

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 15
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

$1,088,979 = 0.579). Marshall Decl. ¶ 22; Kenworthey Decl. ¶ 18. This figure will go down further given that Class Counsel will expend additional hours seeing this case through to final resolution. Marshall Decl. ¶ 23; Kenworthey Decl. ¶¶ 17–18.

Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with multipliers well over 3.5. *See Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding multiplier of 6.85, finding it "falls well within the range of multipliers that courts have allowed"). Thus, Class Counsel's fee request reflecting a "negative" multiplier is reasonable. *See Dennings v. Clearwire Corp*, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013) (approving negative multiplier of between .92 and .98); *Shannon v. Sherwood Mgt Co., Inc.*, 2020 WL 5891587 (S.D. Cal. Oct. 5, 2020) (noting negative multiplier "suggests . . . requested fee award is reasonable").

## G.    Class Counsel request reimbursement of litigation costs that would be charged to a paying client.

In addition to fees, Class Counsel have incurred more than $92,331 in out-of-pocket expenses to date. Marshall Decl. ¶ 24; Kenworthey Decl. ¶ 19. These expenses include filing fees, expert witness fees, copying and mailing expenses, computer legal research expenses, and court reporter fees, all of which were necessary to secure the resolution of this litigation. Marshall Decl. ¶ 24; Kenworthey Decl. ¶ 19. Courts routinely reimburse these types of costs. William B. Rubenstein, Newberg on Class Actions § 16:10 (5th ed. June 2021 update) (class counsel can typically recover costs that would "normally be charged to a paying client"); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *Corson v. Toyota Motor Sales U.S.A., Inc.*, No. CV 12-8499-JGB, 2016 WL 1375838, at *9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable."); *Hopkins v. Stryker Sales Corp.*, No.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 16
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   11-CV-02786-LHK, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding costs for

2   document review, depositions, and experts).

3          While Class Counsel have incurred more than $92,331 in litigation costs to date, they

4   anticipate additional costs may be incurred if it is necessary for Plaintiffs' damages expert to

5   adjust the settlement award calculations after any Class Members opt out.[1] Thus, Class Counsel

6   respectfully request reimbursement of their actual out-of-pocket litigation costs in an amount up

7   to $100,000, in addition to their requested fee award.

8   **H.      Class Counsel's requested service awards for Plaintiffs should be approved.**

9          "At the conclusion of a class action, the class representatives are eligible for a special

10  payment in recognition of their service to the class." Newberg § 17:1. Service awards "are

11  intended to compensate class representatives for work undertaken on behalf of a class" and "are

12  fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 943

13  (citation omitted). The awards recognize the effort class representatives expend as well as their

14  willingness to act as private attorneys general. *Rodriguez*, 563 F.3d at 958–59. They are

15  generally approved if they are reasonable and do not undermine the class representative's

16  adequacy. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

17  The factors courts consider include the class representative's actions to protect the interests of

18  the class, the degree to which the class has benefitted from those actions, the time and effort the

19  class representative expended in pursuing the litigation, and any risk the class representative

20  assumed. *Staton*, 327 F.3d at 977.

21         Here, Class Counsel asks the Court to award Plaintiffs Marija Paunovic and Dusan

22  Paunovic $10,000 each for their time and effort in serving as class representatives and the risks

23  they undertook prosecuting the case. Plaintiffs dedicated significant time assisting Class Counsel

24  in litigating this case over the course of more than three years. Kenworthey Decl. ¶ 21. They

25  assisted in preparation of the complaint, responded to discovery, were deposed, and were

26

27  [1] If such future costs are incurred, Class Counsel will update the Court in Plaintiffs' supplemental motion and during the final approval hearing.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 17
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  prepared to travel to the United States from their home country of Serbia to participate in trial, if

2  necessary. *Id.* Their dedication to protecting the interests of Class Members supports the

3  requested award, which is in line with awards approved by courts in this district and elsewhere.

4  *See Hall v. L-3 Commc'ns Corp.*, 2019 WL 3845460, at *4 (E.D. Wash. Aug. 2, 2019)

5  (approving $20,000 service award); *In re Nat'l Collegiate Athletic Ass'n*, 2017 WL 6040065, at

6  *11 (N.D. Cal. Dec. 6, 2017) (awarding $20,000 incentive awards to each of four class

7  representatives and collecting cases approving similar awards); *Pelletz v. Weyerhaeuser Co.*, 592

8  F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) (collecting decisions approving awards up

9  to $40,000). The Court should approve the requested awards of $10,000 to each Plaintiff.

10                                   **IV.   CONCLUSION**

11         Plaintiffs respectfully ask the Court to enter an order: (1) approving the Settlement

12  Agreement as fair, reasonable, and adequate; (2) determining that adequate notice was provided

13  to Class Members; (3) granting Class Counsel $630,000 in attorneys' fees and up to $100,000 in

14  costs; (4) approving the requested service payments to Plaintiffs of $10,000 each; (5) approving

15  settlement administration costs of up to $32,000; and (6) dismissing this action with prejudice.

16         RESPECTFULLY SUBMITTED AND DATED this 6th day of September, 2024.

17                                   TERRELL MARSHALL LAW GROUP PLLC

18                                   *I certify that this memorandum contains 6,306*
19                                   *words in compliance with the Local Civil Rules.*

20                                   By: /s/Toby J. Marshall, WSBA #32726
21                                       Toby J. Marshall, WSBA #32726
                                         Email: tmarshall@terrellmarshall.com
22                                       Ryan Tack-Hooper, WSBA #56423
                                         Email: rtack-hooper@terrellmarshall.com
23                                       Eric R. Nusser, WSBA #51513
                                         Email: eric@terrellmarshall.com
24                                       Jasmin Rezaie-Tirabadi, WSBA #60285
                                         Email: jrezaie@terrellmarshall.com
25                                       936 North 34th Street, Suite 300
                                         Seattle, Washington 98103
26                                       Telephone: (206) 816-6603

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 18
CASE NO. 2:21-cv-00884-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Tamara Kenworthey, *Admitted Pro Hac Vice*
Email: tkenworthey@kenwortheylaw.com
KENWORTHEY LAW PLLC
137 Fifth Avenue, 9th Floor
New York, New York 10010
Telephone: (718) 344-5746

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES AND COSTS - 19
CASE NO. 2:21-cv-00884-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com